### No. 2,388.

EDWARD P. REED, RESPONDENT, *v.* FRANCISCO BERNAL *et al.*,
APPELLANTS.

PRACTICE ON APPEAL.—APPEAL FROM JUDGMENT.—NEW TRIAL.—An appellant will not be permitted to allege that the evidence did not justify the judgment, except on an appeal from an order denying a motion for a new trial. (*Treadwell* v. *Davis,* 34 Cal. 601), overruled on this point.

IDEM.—APPEAL FROM JUDGMENT ON AN AGREED STATEMENT OF FACTS.—On an appeal from a judgment on an agreed statement of facts, which forms a part of the judgment roll, the question may be raised whether the judgment is authorized by the agreed facts.

JUSTICE OF THE PEACE.—JURISDICTION OF.—A judgment rendered by a Justice of the Peace, for the principal and interest due on a promissory note, and for a further sum of fifty per cent. on the amount of such principal and interest, under a stipulation to that effect contained in the note, which latter sum added to the principal exceeds in amount the sum of three hundred dollars, is void for want of jurisdiction in the Justice to render it.

APPEAL from the District Court of the Third District, County of Santa Clara.

*J. A. Moultrie* and *Wm. M. Lovell,* for Appellants.

There are two propositions to which we invite the attention of the Court, either of which we respectfully submit is sufficient to defeat plaintiff's action:

*First*—That the assumed or pretended judgment upon which this action was brought is in excess of the amount for which a Justice of the Peace is authorized to render judgment; it exceeds that amount (exclusive of interest and cost) by the sum of $35.50.

The Justice of the Peace undertook to render a judgment for the sum of $422.98, principal and interest, due

upon a contract for the payment of money; $125 thereof being principal; and for the further sum of $211.49 upon a special contract contained in the instrument or obligation sued on and for costs of suit.

That the Justice of the Peace had no power to render such judgment there can be no doubt. The jurisdiction of a Justice of the Peace is clearly defined and limited by statute. (See 1 vol. Hittell's Digest, 1279, Sec. 48, 1 and 7 subdivisions.)

The parties, by their agreement or contract, could not extend the jurisdiction of the Justice beyond that conferred by the statute; and the Justice of the Peace in attempting to accommodate his proceedings to the stipulations contained in the contract of the parties transcended his jurisdictional limits and his judgment is therefore void. (*Chapman* v. *Morgan*, 2 Green. (Iowa), 374; *Fellet* v. *Engler*, 8 Cal. 76.)

*S. O. Houghton*, for Respondent.

No motion for a new trial was made in the Court below. The case comes to this Court on a statement of the testimony on an appeal from the judgment alone, and this Court will not review the testimony upon such appeal. Whether the evidence is sufficient to support the judgment or not, is a question this Court will not inquire into on this appeal. (*Gogliards* v. *Hoberlin*, 18 Cal. 394.)

The judgment roll shows no error, nor does the record show that any error of law was committed by the Court below on the trial.

*Moultrie* and *Lovell*, for Appellants, in reply.

Questions of law only are sought to be reviewed on this appeal; the record contains a full statement of the facts and all the evidence. It has been so often held by this Court that a motion for new trial in such case was unnecessary and not the proper method to be adopted in order to have the proceedings of the Court below reviewed, that we deem it unnec-

essary to enumerate authorities upon the point, a few of which, however, are *Weatherhead* v. *Carroll*, (33 Cal. 549); *Harper* v. *Minor*, (27 Cal. 107); *Treadwell* v. *Davis*, (34 Cal. 601).

We think we have shown that the so-called judgment of the Justice upon which respondent's action is brought is absolutely void, the testimony clearly demonstrates the proposition when tested by the authorities cited in our opening brief.

CROCKETT, J., delivered the opinion of the Court, TEMPLE, J., and RHODES, C. J., concurring:

The plaintiff having recovered in the Court below, the defendants omitted to move for a new trial, but appealed from the judgment, and have brought up the evidence in a statement on appeal which assigns as errors certain rulings of the Court in respect to the admission of evidence; and also, that giving full effect to the evidence, the judgment should have been for the defendants. There appears to have been no contest as to the facts, the evidence of which was wholly record and documentary. The plaintiff claims that without a motion for a new trial this Court cannot review the evidence in order to ascertain whether the proper judgment was rendered upon the facts proved, even though there was no controversy as to the facts. But in the case of *Treadwell* v. *Davis*, (34 Cal. 601), this Court held to the contrary, and if that decision be accepted as a correct exposition of the law on this point it will be decisive against the plaintiff. Since that decision was rendered, and upon more mature reflection, and after a careful review of the authorities, I am satisfied the proposition announced in that case on this point is not tenable. When a party complains that the evidence was insufficient to justify the verdict, or decision, the appropriate remedy is by a motion for a new trial; and, in pursuing this remedy, the statute requires him to specify in his statement in support of the motion the particulars in which the evidence was insufficient. In this method the attention of the Court and counsel is particu-

larly directed to the precise point in which the evidence is alleged to be insufficient; so that on the trial of the motion the Court may review the evidence and exercise its judgment and discretion, either by upholding or setting aside the verdict or decision. It is conceded on all sides that if there be any evidence whatever tending to support the verdict or decision, its sufficiency can only be determined, and the evidence reviewed for that purpose, on a motion for a new trial; and we have repeatedly held, that if there be a substantial conflict in the evidence, this Court will not disturb the verdict or findings. It is equally well settled that if there be no findings in a cause tried by the Court, without a jury, and no proper exception for want of findings, a presumption arises that the Court found all the facts necessary to support the judgment. If there be no actual findings, the law implies findings sufficient to sustain the judgment. In all cases, therefore, whether there be a verdict or written findings, or only the findings which the law implies in support of the judgment, if it be claimed that there was no evidence whatever to support the judgment, this is only another mode of saying that the evidence was insufficient too justify the verdict, or findings, as the case may be. If the verdict or written findings support the judgment, it is too plain to admit of discussion that, so long as the verdict or written findings remain undisturbed, the judgment cannot be assailed on the ground that it is not justified by the evidence. Before the judgment can be attacked on this ground, the verdict or findings must be set aside, because not justified by the evidence; and this can only be done on a motion for a new trial. In other words, the attack must be, not upon the judgment directly, but upon the verdict or findings which support the judgment; and if the former be set aside, the latter will fall for want of support. No one, I apprehend, will question the correctness of this proposition, as applied to a judgment supported by a verdict or written findings. But in a cause tried by the Court, if there be no written findings, nor any exception for the want of them, the law, as we have seen, will imply findings suffi-

cient to support the judgment, and the implied findings will have the same legal effect in support of the judgment as if they had been reduced to writing and duly filed. If it be claimed that these implied findings are not justified by the evidence, the objection must be taken in the same manner as if written findings had been filed, to wit: by a motion for a new trial, supported by a proper statement, specifying the particulars wherein the evidence does not justify the supposed findings or the judgment which is based upon them. Nor will there be any practical difficulty in making the specifications. The issues will determine what general facts must have been found in favor of the prevailing party in order to sustain the judgment; and the specifications should be directly to these facts, or such of them as it shall be claimed were not proved. If there was no evidence tending to prove any one or more of the material facts, the specification should so-state. By these means an opportunity is afforded to the Court to deliberately review the evidence and correct the error, if one has occurred. But if a different practice prevailed, and if the losing party was permitted to bring up the evidence by a statement on appeal, and to attack the judgment for the first time in this Court, on the ground that it was not justified by the evidence, leaving the implied findings still in force, no reason is perceived why the same course might not be pursued if there was a verdict on written findings, which were claimed to be wholly unsupported by any evidence. But as this practice finds no support in the statute in the latter case, it is clear there is no warrant for it in the former. In each case it would be an attempt not to set aside the verdict or findings, express or implied, because not justified by the evidence, but to vacate the judgment for that reason, leaving the verdict or findings in full force.

It will suffice to say on this point that such a practice is not authorized either by the letter or spirit of the-code; and experience has demonstrated that it would lead to the most perplexing results. We announce it, therefore, as a settled rule in this Court, that an appellant will not be per-

mitted to allege that the evidence did not justify the judgment, except on an appeal from an order denying a motion for a new trial; and the case of *Treadwell* v. *Davis* is overruled so far as it contravenes this proposition. But we are not to be understood as intimating that if the case be tried on an agreed statement of facts, which forms a part of the judgment roll, the question may not be raised on an appeal from the judgment, whether the judgment is authorized by the agreed facts.

For these reasons the defendants in this case will not be permitted to allege that the judgment was not justified by the evidence.

It appears, however, from the statement on appeal that the plaintiff, at the trial, offered in evidence in support of his complaint the docket of the Justice of the Peace, showing the action of the Justice's Court in an action pending therein between the parties to this action, and which resulted in a judgment for the plaintiff for the sum of $600 and upward, and which judgment is the foundation of the present action. He also offered in evidence a complaint and summons in said cause, from the former of which it appears that the cause of action was a promissory note made by the defendants bearing interest, and which contained a stipulation that if suit should be brought thereon there should be added to any judgment which might be rendered therein for the plaintiff fifty per cent. of the principal and interest remaining unpaid at the date of the judgment. It appears from the justice's docket that he entered a judgment in favor of the plaintiff for the sum of $422.98, as the principal and interest then due, and also for the further sum of $211.49, being fifty per cent. of the principal and interest, as authorized by the stipulation in the note. The defendants objected to the admission of this evidence on the ground that the judgment was void on its face, as being in excess of the jurisdiction of the Justice. Unless the sum $211.49, which was included in the judgment, can be treated as stipulated interest in addition to the two and a half per cent. per month which was reserved on

the face of the note, it necessarily follows that the amount for which the judgment was rendered exceeded $300, exclusive of interest. The principal sum was $125, and if to this be added the $211.49 it makes the sum of about $337 for which the judgment was rendered, exclusive of interest. It is clear, I think, that the $211.49 cannot be treated as interest. It is not so denominated in the note, and was probably intended as a penalty or stipulated damages for a failure to pay the note without suit. But whatever else it may have been,' if it was not interest on the principal sum it is clear that the judgment exceeded $300, exclusive of interest and cost, and was, therefore, void for want of jurisdiction in the Justice to render it. The Court therefore erred in admitting the judgment in evidence against the objections of the defendants, and for this error the judgment must be reversed, and it is so ordered.