EMILY T. SPENCER, Respondent, *v.* JOHN VAN COTT AND THERON H. SPENCER, Appellants.

1. Evidence, How Reviewed.—The only method of reviewing the testimony taken in the court below is to bring it up by a statement on motion for a new trial.

2. Defect of Parties, How Taken Advantage of.—If there is a defect or non-joinder of parties plaintiff, the objection must be taken either by answer or demurrer, otherwise such objection will be deemed waived.

3. Presumptions that Findings are Correct.—On appeal from the judgment roll every intendment and presumption are in favor of the findings of the court below.

4. Failure to Find Conclusions of Law.—Where, on appeal from the judgment roll, it appeared that the court below found certain facts but did not find any conclusions of law therefrom, the action of the court below was affirmed.

Appeal from the Third Judicial District Court.

Daniel Spencer, a member of the Mormon Church, died at Salt Lake City, leaving five wives surviving him. After his decease his last will and testament was admitted to probate, as follows:

I, Daniel Spencer, of Salt Lake City, County of Salt Lake, Territory of Utah, considering the uncertainty of this frail and transitory life, being of sound mind and memory, do therefore make, ordain, publish and declare this to be my last will and testament; that is to say, after all my just debts shall have been paid and discharged, my estate, real and personal, I give, bequeath and dispose of, as follows, to-wit:

To my daughter Mary Leone Chambers I give and bequeath the sum of two hundred dollars. The remainder of my property, of whatsoever nature or kind it may be, shall be kept, preserved, controlled, managed and used for the needful and proper support and maintenance of my wives Sarah Jane Grey Spencer, Mary Jane Cutliff Spencer, Elizabeth Funnel Spencer, Emily Thompson Spencer and Sarah Gray Spencer, severally,

22

while they shall remain unmarried, and for the proper and needful support maintenance and education of my children severally during their minority. And, lastly, whatever may remain of my estate after it shall have been thus used, and when the same shall not be longer needed or required for the support and maintenance of my family or any portion thereof, or the education of my minor children, as herein provided for, I give and bequeath to my children who then may be living, and to the heirs of those who may be dead, if any there shall be, taken by right of representation, to be divided equally between them, share and share alike.

In the event that either of said wives, by inheritance or otherwise, come in possession of sufficient means for her support and maintenance independent of my estate, the support herein provided for, so far as she or either of them shall be concerned, shall from that time cease and determine.

I also nominate and appoint John Van Cott and Theron H. Spencer, of said county and Territory, to be the executors of this my last will and testament, hereby revoking all other wills by me made.

In witness whereof I have hereunto set my hand and seal this fifth day of December, A. D. eighteen hundred and sixty-eight.

As the fruits of these polygamous relations, the testator left surviving him three or more children by each of the wives named in the will.

Respondent filed a petition in the Probate Court for support for herself and her two minor children (the minor children of testator), claiming it under the provisions of the will of testator against the executors, the appellants. On the hearing the Probate Court dismissed the petition; an appeal was taken by petitioner to the Third District Court, and an answer having been filed by defendants, a reference was had, the referee reporting certain findings of fact. There were no conclusions of law found by the court from the findings of fact, nor did any appear in the judgment roll.

His remaining wives did not join in the petition, nor did they appear and contest it.

.The other facts are stated in the opinion of the court.

*Z. Snow*, for appellants.

The other legatees were not made parties to the proceeding, and a decree could not have been made in their absence without prejudice. Where there is a general legacy or devise, all the legatees or devisees interested in the property bequeathed or devised, are necessary parties to an action concerning its application; but not so when the legacy or devise is specific. Act of Utah, approved February 18, 1876, from § 956 to 962 and 1005.

The construction of the will must depend upon the intention of the testator, to be ascertained from a full view of everything contained in it. *Hoxie* v. *Hoxie*, 7 Paige Ch. 187; 1 Redfield on Wills, 435, p. 21.

A technical construction of words and phrases used in a will, although *prima facie*, the one which should prevail will not be carried to the extent of defeating the obvious intent of the testator. 1 Redfield on Wills, 435, p. 22.

Extrinsic evidence may be received in aid of construction of wills, to enable the court where the question arises to give his language such an interpretation as it is reasonable to presume from the circumstances in which he was placed he intended it should receive, or to put the court in the place of the testator. 1 Redfield on Wills, 496, p. 2; Redfield on Wills, 503; Wigranis, Fifth proposition.

The general rule in regard to the construction of a legacy to children, and especially to the children of the testator, is that it will include all in existence at the death of the testator. Redfield on Wills, pt. II, 329; 4 Kent, 345; *Bancroft* v. *Bancroft*, 1 Mad. R. 430; *Gardner* v. *Heyer*, 2 Paige, 11. As to legitimate and illegitimate children, see Redfield on Wills, pt. 2, p. 341; *Edmunds* v. *Tessey*, subd. 2, 3 and 4, and p. 344–6, subd. 13, 14.

The record discloses that the court failed to find any conclusions of law whatever from the findings of· fact by the referee, and in this the court erred, and the decree should be reversed. Civ. Pr. Act, §§ 180–187; *McKeon* v. *McDurmott,* 22 Cal. 667; *Oldman* v. *Clery,* 12 Cal. 474; *Russel* v. *Amador,* 12 Cal. 305; *Estel* v. *Cheenery,* 3 Cal. 469; *Breeze* v. *Doyle,* 19 Cal. 102; all construing 180th sec. Pr. Act.

*Patterson & Knox,* for respondent.

The court did not err in not finding as a conclusion of law that there were eighteen persons entitled to support out of said estate under said will, because:

*First*—It was not a material issue in this case.

*Second*—It could not be determined in this proceeding, as it would affect the right of other persons who were not in court.

*Third*—Even if the court had entertained the question the polygamous children mentioned in the findings of the referee, could not take under the devise to children in the will.    1 Redf. on Wills, 604–606; 3 Edw. Ch. R. 1; 41 Eng. Ch. R. 800; 52 N. Y. 12; 5 Vesey, Jr. 530, 534; 21 Eng. Ch. R. 525; 8 Vesey, Jr. 42, 22; 10 Vesey, Jr. 202; 19 Vesey, Jr. 604; 3 Barb. 466, 488; 2 Paige, 11; 7 Paige, 328; 9 Paige, 80; 2 Redf. on Wills, 23, *et seq.;* 2 Wall. Jr. 368; 57 Pa. St. 209; 15 Pa. St. 481; 3 Pick. 362; 3 N. Y. 538; 1 John. Ch. 231; 1 Sandf. 357; 14 Johns. 1; 6 N. Y. 420; 47 Barb. 263; 10 Barb. 9; 2 N. Y. 420; 2 Jarman on Wills, 94, *et seq.*

If upon the face of the petition there was apparent a nonjoinder of parties defendant, the mode of objection was by demurrer.   (Utah Pr. Act. § 40.)   If there was such a defect, and the same did not so appear, then the objection must be taken by answer.   *Warner* v. *Wilson,* 4 Cal. 310; *Scranton* v. *Bank,* 33 Barb. 527; *Abbe* v. *Clark,* 31 Barb. 238; *Cromer* v. *Pinckney,* 3 Barb. Ch. R. 466.

A general legatee may sue for his particular legacy without joining the residuary or other legatees, their interests being

represented by the executors. *Brown* v. *Ricketts*, 3 Johns. Ch. R. 553; *Marsh* v. *Haque*, 1 Edw. Ch. R. 174; *Cromer* v. *Pinckney*, 3 Barb. Ch. R. 466; *Pritchards* v. *Hicks*, 1 Paige, 270.

This is an equitable action, and had it been tried by the court no conclusions of law or even findings of fact would have been necessary. Secs. 179 and 180 of the Pr. Act refer only to actions at law, and § 181 provides separately for the trial of chancery cases, and does not change the manner of trial in such cases. *Walker* v. *Sedgewick*, 5 Cal. 192; *Lyons* v. *Lyons*, 18 Cal. 447.

Emerson, J., delivered the opinion of the court:

The respondent, widow of Daniel Spencer, deceased, filed her petition in the Probate Court of Salt Lake County, to compel the appellants, as executors of her late husband's will, to furnish the support for herself and her minor children provided for in the will.

The Probate Court denied the petition, and an appeal was taken to the District Court.

The case was then referred to a referee to report the testimony and findings of fact. The referee reported the testimony to the court, together with his findings of fact. In the report were certain findings which the referee reported he did not deem material, but had reported them at the request of the counsel for the appellants.

Upon the hearing upon the pleadings, proofs and findings, the court adopted and approved of all the findings of the referee, reported by him as material, except the last, and ignored as immaterial all those reported at request of counsel. It follows that the only findings of fact that are now in the case are those approved and adopted by the court and which, therefore, become the findings of the court.

It appears that the appellants excepted to the report of the referee, the exceptions overruled and the following decree entered:

It is ordered, adjudged and decreed by the court that the said defendants, John Van Cott and Theron H. Spencer, as the executors of the last will and testament of the late Daniel Spencer, deceased, do, and they are hereby ordered, to pay out of the assets of the estate of the said Daniel Spencer, deceased, in their hands or to come into their hands as such executors, to the complainant or plaintiff, Emily T. Spencer, within thirty days from this date, the sum of forty-five dollars and thirty cents, to pay the indebtedness incurred by her for necessaries, as specified in the fourth finding of the referee herein, and that they also pay to the said plaintiff or petitioner the further sum of fifty dollars per month, from the 13th day of May, A. D. 1876, until the death or marriage of the said plaintiff, or until the further order of this court; the payments to be made as follows, to-wit: The accrued sum of three hundred and thirty-nine dollars within thirty days from this date, and the said sum of fifty dollars per month on or before the seventh day of each month hereafter.

The appeal is from this judgment and decree. There are six assignments of error relied upon. As to the first and second it is sufficient to say that whether they were well taken or not depends upon the testimony, and that is not before this court.

No motion for a new trial was made in the court below, and hence there can be no review of the testimony in this court. The only way this can be done is to bring it up by a statement on motion for a new trial. *Reed* v. *Burns*, 40 Cal. 628.

And, it may be added as to the second assignment, that the subject of the request was not a material issue in the case.

There was no error in refusing to find the conclusions of law mentioned in the third assignment.

If there had been a non-joinder or defect of parties plaintiff which was not apparent upon the face of the complaint, the appellants should have taken advantage of it by answer, and if it was thus apparent, then by demurrer, or it will be deemed waived. C. L. §§ 1265, 1269, 1270.

The court was satisfied that it could adjudicate upon the case made without affecting the rights of others. If the appellants thought otherwise, they should have invoked the power given to the court by § 1242, C. L., by a demurrer, and not by a request to so find as a conclusion of law. The right to demur was given to enable the court to carry out the provisions of this section. *Warner* v. *Uncle Sam*, 9 Cal. 697.

As to the fourth assignment it is sufficient to say that the duty of caring for and providing for her minor children rested upon the petitioner as their natural guardian. It was eminently proper that she should petition in her own name for, and that the decree should be made to her for the allowance provided in the will for her and their support during their minority.

The allowance found necessary for this purpose was properly decreed to her.

The objection raised by the fifth assignment is not well taken. The decree followed the requirements of the will, leaving the order still subject to review and alteration by the court as circumstances might require.

There is no point in the sixth assignment. The court was not called upon to place any such construction upon the will as is here indicated, and as counsel contended for in his argument.

The condition, position and standing of the petitioner and her family in the community, and the former standing of the testator, and the condition and extent of the estate are all circumstances which should be taken into consideration in fixing the allowance necessary to carry out the purpose designated in the will. As all intendments and presumptions are in favor of the findings, in the absence of the testimony, we must presume that all these circumstances were taken into consideration in fixing the amount found to be necessary for the support of the petitioner and her minor children.

The judgment and decree of the court below is affirmed; the respondent to recover her costs in this court.

SCHAEFFER, C. J., and BOREMAN, J., concurred.