[Civil No. 135.  Filed September 3, 1885.]

[S. C. sub. nom. *Cullum* v. *Paul,* 8 Pac. 187.]

## R. H. PAUL, Defendant and Appellant, v. H. B. CULLUM, Plaintiff and Respondent.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—EVIDENCE OF TITLE AS ASSIGNEE ADMISSIBLE THOUGH SUING IN PERSONAL CAPACITY—PARTIES—ASSIGNEE MAY SUE EITHER IN PERSONAL OR REPRESENTATIVE CAPACITY TO RECOVER PROPERTY REDUCED TO POSSESSION FROM THIRD PARTY WRONGFULLY DEPRIVING HIM OF SAME.—Certain evidence of title in plaintiff as assignee held admissible in action of replevin though plaintiff sued simply in his individual capacity. Where an assignee has taken possession of the personal property conveyed to him by a deed of assignment, and has been wrongfully deprived thereof by a third party, he may sue for its recovery either in his personal or representative capacity.

2. SAME—PRESUMPTIONS—WITHOUT PROOF OF CREDITORS DISSENT THEIR ASSENT PRESUMED.—In the case of a general voluntary assignment for the benefit of creditors without preference, and without restrictions, in the absence of proof of dissent, the law presumes the assent of the creditors to the assignment.

3. APPEAL AND ERROR—NECESSITY FOR MOTION FOR NEW TRIAL—F|NDINGS WILL NOT BE REVIEWED WITHOUT—FINDINGS ON SAME FOOTING AS VERDICT OF JURY—PRACTICE TO OBTAIN REVIEW OF QUESTION OF WANT OR INSUFFICIENCY OF EVIDENCE TO SUPPORT JUDGMENT.— The findings of the court below will not be reviewed on appeal unless there is a motion for a new trial. *Federico* v. *Hancock,* 1 Ariz. 512, 25 Pac. 650, cited and approved. Findings by the court stand on the same footing as the verdict of the jury. When a party complains that the evidence was insufficient to justify a verdict or decision the appropriate remedy is by motion for a new trial. If the verdict or written findings support the judgment so long as they remain undisturbed the judgment cannot be assailed on the ground that it is not justified by the evidence. Before the judgment can be attacked on this ground the verdict or finding must be set aside because not justified by the evidence and this can only be done on motion for new trial. In the absence of motion for a new trial findings are conclusive and binding on this court.

4. SAME—FINDINGS—WHERE ATTACKED FOR WANT OF EVIDENCE RECORD MUST PURPORT TO CONTAIN ALL THE EVIDENCE.—When the statement on appeal does not purport to contain all the evidence an

appellate court will not consider an objection that the findings are not supported by the evidence.

5. Same—Judgment—Clerical Error not Prejudicial to Appellant, —Where the judgment shows a clerical mistake not prejudical to appellant judgment will be affirmed.

Rehearing Denied July 9, 1886.

Affirmed.—132 U. S. 539, 10 Sup. Ct. Rep. 151, 33 Law Ed. 430.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Affirmed.

The facts are stated in the opinion.

Ben Morgan, for Appellant.

So absolutely unwarranted by the evidence are the findings of fact that a brief statement is all we deem to be necessary in order to insure a reversal of the judgment.

The court finds as material facts upon which its judgment rests that the assignment made by Lord and Williams Company was executed in the firm name by W. W. Williams, when the instrument shows it was executed on behalf of that firm by C. E. Harlow; that Lord & Williams, on the 25th day of October, 1881, made an assignment of all their property to the plaintiff, H. B. Cullum, when no evidence was offered to establish such fact, and plaintiff's counsel expressly disclaimed title to the property from any such source. That Cullum was the owner of the property attached on the day the attachment was levied, in the face of the testimony that at that time it was not the property of his assignors but the defendant's in the suit of *Thompson* v. *Lord & Williams.*

Cullum was not a purchaser for value, and all defects in his grantor's title could be urged against his. If they could not defend as bona fide purchasers for value plaintiff must fail.

In order to render judgment for the plaintiff the court was forced to find that the taking in of Harlow as a partner *ipso facto* dissolved the old firm of Lord & Williams in the

face of the fact that *ex industria* that firm was preserved. As a legal conclusion in the face of the testimony the court adjudged that without a sale the property of Lord & Williams by the agreement with Harlow for a definite time, to perform specific services, to be compensated by a definite and fixed sum, gave him such an interest in their property as would defeat the claim of their creditors.

Harlow was by the terms of the written agreement between Lord & Williams and himself to contribute nothing in the way of merchandise or money. He paid not one dollar. Lord & Williams Company paid nothing to Lord & Williams —no price was even fixed. He was to take charge of and superintend the sale of Lord & Williams' goods. They were turned over to and received by him *as such,* and were in this condition when they were seized on attachment by defendant in the suit of a creditor of Lord & Williams on an indebtedness against that firm. True, Harlow was to receive for his services a specific portion of the profits, but the contract and oral testimony absolutely negative the idea that he was a co-owner in the goods.

We contend that Harlow and not Williams made the assignment for Lord & Williams Company, and that as against Lord & Williams he conveyed nothing. We contend that there was no evidence of any creditor of either firm save Thompson, plaintiff in the suit against Lord & Williams.

Earll & Campbell, for Respondent.

The appellant appears to rely exclusively upon the ground of the insufficiency of the evidence to justify the findings of the court. But he cannot be heard in this respect for he made no motion for a new trial and in the absence of such a motion this court will not consider that question. *Gagleardo* v. *Hobulin,* 18 Cal. 394; *Carpenter* v. *Williamson et al.,* 25 Cal. 154; *Ellis* v. *Jeans,* 26 Cal. 275; *Carpenter* v. *Gardiner,* 29 Cal. 160; *Hihn* v. *Peck,* 30 Cal. 280.

On an appeal from the judgment the appellate court cannot consider the question whether the findings of fact are justified by the evidence. *People* v. *Banvard,* 27 Cal. 474; *Racouillat* v. *Rene,* 32 Cal. 450.

An appellant will not be permitted to allege that the evidence did not justify the judgment except on an appeal from an order denying a motion for a new trial. *Reed* v. *Bernal et al.,* 40 Cal. 628; *Rycraft* v. *Rycraft,* 42 Cal. 444; *City of Stockton* v. *Creanor,* 45 Cal. 247; *Cooper* v. *Pacific Mutual Life Ins. Co.,* 7 Nev. 116, 8 Am. Rep. 705.

Moreover if it does not appear that the statement contains all the evidence in the case in support of the judgment, the court will presume that other evidence was given in support thereof.

It is true that there is an immaterial error in the first finding in stating that the firm name of Lord & Williams Company was signed by W. W. Williams instead of being signed by C. E. Harlow, but that is of no consequence because either member of the firm could lawfully sign the firm name.

It is true that the plaintiff disclaimed title to the property from the Lord & Williams assignment and claimed it from the assignment of Lord & Williams Company. There was no defect in the title of Lord & Williams Company to the property, and Cullum, upon receiving the assignment from that company and taking possession of their property under the assignment, became the legal owner thereof in trust for their creditors.

The court did not find that the taking in of Harlow as a partner, *ipso facto,* dissolved the old firm of Lord & Williams in the face of the fact that *ex industria* that firm was preserved. Nor did the court find in the face of the testimony. The facts were established that prior to the 1st day of March, 1881, the firm of Lord & Williams was engaged in several branches of business at Tucson, viz: banking business, Indian contracts and general merchandising. That finding the difficulty of carrying on all these branches, they agreed to form a co-partnership in the mercantile business exclusively with C. E. Harlow upon the terms mentioned in their agreement, continuing the other branches of their business as before. That immediately notice was given of the formation of the new co-partnership. That Harlow took immediate charge of the mercantile business and that up to the time of the failure of the new firm carried on its business as a new concern and made its purchases and sales as such. That books

were opened by the firm of Lord & Williams Company in which it was charged with the stock of Lord & Williams then on hand, and the latter firm credited with the value thereof.

It is not necessary on the formation of a partnership that a partner should contribute any funds. It is enough if he contributes his skill and labor, of the value of which the other partners are to judge. That he shares in the profits and losses, and is liable to account at the close of the partnership. That he becomes liable for all the purchases made for the firm, and is in every respect recognized as a member thereof.

"Where one person advances funds for carrying on trade, and another gives his personal services for which he is to receive a portion of the profits, there is a partnership existing between them, both as between themselves and as regards third persons." *Dob* v. *Halsey*, 16 John. 34; Col. on Part. § 38, and authorities there cited.

By virtue of the agreement entered into between Lord & Williams and C. E. Harlow, March 1, 1881, Harlow became liable for all the purchases made for the firm and was in every respect recognized as a member of the firm.

It is true that counsel claimed that the assignment was executed by a member of the firm and the court so found. He did so on proof of the execution of the assignment, the possession of the plaintiff under it, and the evidence of the insolvency of Lord & Williams Company. It found that the merchandise of Lord & Williams was transferred to the firm of Lord & Williams Company, and the evidence justified the court in so finding. As a necessary corollary it found that the property so assigned became the property of Cullum as trustee for the creditors of that firm.

It vested the legal title to the property in him, and the court decided that a creditor of Lord & Williams could not under the evidence in the cause attach the property of Cullum as security for his debt against Lord & Williams.

Cullum being the legal owner and possessor at the time of the seizure by defendant had a right to bring this suit in his own name without describing himself as assignee of Lord & Williams Company. *Butterfield* v. *Macomber*, 22 How: Pr. 150

With respect to the power of each partner to make an assignment for the benefit of all the creditors of the firm we refer to the following authorities: 3 Kent's Com., 10th Ed., p. 50, note b; *Harrison* v. *Sterry*, 5 Cranch. 289 (Curtis Ed., 267) ; Burrill on Assignments, §§ 86 and 87, and authorities there cited.

HOWARD, C. J.—This is an action brought by plaintiff to recover from the defendant the possession of certain goods, wares, and merchandise alleged to have been wrongfully taken by defendant from plaintiff, or for the sum of $35,000, the alleged value thereof, in case delivery cannot be had. The answer contains denials of the allegations of the complaint, and a further and separate answer and defense, alleging that defendant, as sheriff of Pina county, had seized and taken possession of the goods, etc., under an attachment issued from the district court of Pima county in the case of *G. Howard Thompson* v. *Lord & Williams,* further alleging that goods, etc., were, at the time of seizure, in possession of and the property of Lord & Williams. The case was tried by the court without a jury.

The court found substantially that on the twenty-fifth day of October, 1881, the goods, etc., in question were the property of the firm of Lord & Williams Company, composed of C. H. Lord, W. W. Williams, and C. E. Harlow, and that on that day said firm made a general assignment of all their property not exempt from execution to plaintiff, for the equal benefit of all their creditors, and plaintiff accepted said assignment and received said goods, etc., from said firm, and took possession thereof, and that said assignment was made in good faith; that defendant, as sheriff of Pima county, on the twenty-eighth day of October, 1881, seized and took said goods, etc., from the possession of plaintiff under an attachment that day issued from the district court of Pima county in the case of *G. Howard Thompson* v. *Lord & Williams*; that said property, when so seized and attached, was the property of plaintiff, and not subject to·such seizure or attachment, and that the value thereof was $35,000.

The court found, as conclusions of law, substantially that the said goods, etc., were wrongfully taken and detained by

the defendant from the possession of plaintiff, and that plaintiff was entitled to a judgment for the return of said property, and if the same cannot be made, for the sum of $35,000 against defendant. A judgment was entered upon their finding in the following words:

"The court having this day signed and filed its findings of fact and conclusions of law in th's case, and the value of the property claimed having been found by the court to be the sum of thirty-nine thousand dollars, and the property claimed having been taken into possession of the plaintiff, therefore it is adjudged that the plaintiff have and retain possession of the personal property described in the complaint with the costs," etc.

The case is brought up on appeal from the judgment alone. There was no statement on motion for a new trial. The record contains the judgment roll, a statement on appeal signed by attorneys for plaintiff and defendant, and defendant's specification of errors. The statement on appeal sets out evidence given at the trial without purporting to contain all the evidence given at the trial. We will now proceed to notice defendant's specification of errors:

1. "The court erred in refusing to sustain the objection made by defendant to the introduction of the power of attorney offered by the plaintiff." There is nothing in the record showing this to have been error. The power of attorney was duly authenticated and was pertinent, and was part of plaintiff's evidence of title.

2. "The court erred in permitting the articles of agreement of the partnership between Lord & Williams Company to be read in evidence against defendant's objection." The record shows no error in this. The agreement was a part of plaintiff's evidence of title, and was duly proved.

3. "The court erred in admitting in evidence the assignment made by Lord & Williams Company to plaintiff Cullum against defendant's objection." The record shows no error in this. The assignment was a part of plaintiff's evidence of title, and was duly proved.

4. "The court erred in refusing to grant the motion made by defendant to strike out the testimony introduced by plaintiff in the case on the ground of variance between it and the allegations of the complaint."

5. "The court erred in refusing to pass upon and grant defendant's motion for a nonsuit made on the conclusion of plaintiff's case, on the ground that the plaintiff had failed to make out his cause of action as alleged in his complaint." The record shows that these two specifications of error, as well as the first three, were based on an assumption by defendant that because plaintiff in his complaint had sued simply in his individual capacity, without showing his character as assignee, that therefore he should not be permitted to give in evidence the several instruments going to show title invested in him as assignee. The question raisd is whether this assignee, after he had taken possession of the personal property conveyed to him by the deed of assignment, and has been wrongfully deprived thereof by a third party, can sue in his personal capacity to recover possession of the property, or whether he is bound to sue in his representative capacity. The authorities leave no doubt on this question. It is expressly held in *Hogland* v. *Trask*, 48 N. Y. 686, and *Ogden* v. *Prentice*, 33 Barb. 160, that an assignee may sue either in his personal or representative capacity. It is a familiar rule that an executor or administrator, after he has reduced the goods of the estate to his possession, and has then been wrongfully deprived of them, may sue for the recovery thereof in his individual capacity. It is clear that the record shows no such errors as are claimed in fourth and fifth specifications of error.

6. "The defendant assigns as further ground of error the insufficiency of said findings to warrant or support the judgment in favor of plaintiff, on the ground that said findings show that the plaintiff H. B. Cullum, held said property by virtue of the assignment of Lord & Williams Company, and as trustee for the purpose of paying the creditors of said firm; that at the time of the levying of the attachment in the case of *Thompson* v. *Lord & Williams* by the defendant herein, by virtue of which he took possession of said goods, etc., no creditor of said firm had assented to said assignment or become a party thereto in any way." It is a sufficient answer to this specification of error to say that the findings *nowhere show* that at the time of the levy of the attachment "no creditor of the firm had assented to said assignment or

become a party thereto in any way." We will add, however, that in the case of a general voluntary assignment for the benefit of creditors without preference, and without restrictions, as the record shows this to have been, in the absence of proof of dissent, the law presumes the assent of the creditors to the assignment for their benefit. *Grover* v. *Wakeman,* 1 Amer. Lead. Cas. 72; *Nicoll* v. *Munford,* 4 Johns. Ch. 523, 529.

7. Also that there is no evidence that at the time of making of the said assignment there were any creditors of Lord & Williams Company, for whose benefit said assignment was made, and said Cullum claimed to hold said property. If this specification means that the findings show there was "no evidence," (and to entitle it to the consideration of this court it must mean that,) then a sufficient answer to it is that the findings show no such thing; but, on the contrary, it is shown by the first finding that at the time of making the assignment the firm of Lord & Williams Company were *insolvent,* a condition that presupposes creditors.

8. The specification of errors then proceeds as follows: "The defendant further shows the insufficiency of the evidence to justify the findings of facts and conclusions of law, upon the following grounds," and then elaborately sets out 15 distinct grounds. This specification and the grounds therefor cannot be considered by this court.

9. The record shows no statement on motion for new trial, and no motion for new trial. This is an attempt to review the findings of the court without a motion for a new trial. The findings of the court below will not be reviewed on appeal unless there was a motion for new trial. *Federico* v. *Hancock,* 1 Ariz. 512, 25 Pac. 650. In *Gagliardo* v. *Hoberlin,* 18. Cal. 395, the defendant *brought up all* the evidence, but made no motion for a new trial. The court say:

"In this case, no motion having been made for a new trial, the findings of the court are conclusive as to facts."

Mr. Justice Field, in *Duff* v. *Fisher,* 15 Cal. 380, says:

"In this state the statute provides the manner in which the verdict of a jury, upon an issue submitted to its decision, may be reviewed. It is only by a *motion for a new trial.*"

The statutes of California and Arizona are identical on

this subject, and findings by the court stand on the same footing as the verdict of the jury. Though this doctrine is firmly established by an unbroken line of decisions in California construing a statute identical with our own, yet the whole doctrine is so ably and fully set forth by the Supreme court of California in *Reed* v. *Bernal*, 40 Cal. 628, that we will quote at length from that decision. The court says, page 630 *et seq.*:

"When a party complains that the evidence was insufficient to justify a verdict or decision, the appropriate remedy is by motion for a new trial, and in pursuing this remedy the statute requires him to specify in his *statement in support* of the motion the particulars in which the *evidence* was insufficient. In this method the attention of the court and counsel is particularly *directed* to the precise point in which the evidence is alleged to be insufficient, so that on the *trial of the motion* the court may review the evidence and exercise its judgment and discretion, either by upholding or setting aside the verdict or decision. It is conceded on all sides that if there be any evidence whatever tending to support the verdict or decision, its sufficiency can only be determined, and the evidence reviewed for that purpose, on a motion for new trial, and we have repeatedly held that if there be a substantial conflict in the evidence, this court will not disturb the verdict or findings. It is equally well settled that if there be no findings in a case tried by the court without a jury, and no proper exceptions for want of findings, a presumption arises that the court found all the facts necessary to support the judgment. If there be no actual findings, the law implies findings sufficient to sustain the judgment. In all cases, therefore, whether there be a verdict or written findings or only the findings which the law implies in support of the judgment, if it be claimed that there was no evidence whatever to support the judgment, this is only another mode of saying that the evidence was insufficient to justify the verdict or findings, as the case may be. If the verdict or written findings support the judgment, it is too plain to admit of discussion that, so long as the verdict or writen findings remain undisturbed the judgment cannot be assailed on the ground that it is not justified by the evidence. Before the judgment

can be attacked on this ground the verdict or findings must be set aside because not justified by the evidence, and this can only be done on motion for a new trial.''

Such is the law of California and Arizona, and it is decisive of this case. The findings of the court in this case clearly warrant and support the judgment, and in the absence of a motion for a new trial these findings are conclusive and binding upon this court.

There is another serious obstacle in the way of defendant in his attack upon the findings of fact and conclusions of law. It is that the statement on appeal does not purport to contain all the evidence, and in examining the whole record it is evident that it does not. When the statement on appeal does not purport to contain all the evidence, the appellate court will not consider an objection that the verdict is not sustained by the evidence. *Moore* v. *Tice*, 22 Cal. 514. It will be seen by the judgment copied into this opinion that in its recital it states that it was found by the court the value of the property was $39,000, whereas the findings show that the value was $35,000. This is evidently a clerical mistake in the party who draughted the judgment. The judgment shows that the property was in the possession of the plaintiff, and this error in the recital of the judgment can be of no possible damage to defendant. If any one could be damaged by this error, it would be the plaintiff, as the judgment shows that he is in possession of the property, and he and his sureties are responsible for its value.

The judgment of the court below for $35,000, costs, etc., is affirmed.

Pinney, J., concurring.

Fitzgerald, J., having presided at trial in court below, took no part in this case on appeal.