## Edward Cohen v. Fred Schulz.

PLEADING—*Name of Equitable Owner of Non-negotiable Instrument Need not be Mentioned.*—A court of law looks only to the legal title, and in a suit on a record or non-negotiable instrument by the party having the legal title, if the record or instrument has been assigned, it is not necessary to mention the name of the equitable owner either in the summons or the declaration.

**Debt,** on a foreign judgment. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

Edwy Logan Reeves, attorney for appellant.

Hoyne, Follansbee & O'Connor, attorneys for appellee.

Mr. Presiding Justice Adams delivered the opinion of the Court.

This is an appeal from a judgment rendered in an action of debt on a foreign judgment. The cause, by agreement of the parties, was tried by the court without a jury. The bill of exceptions shows that a transcript was put in evidence by the plaintiff below, but does not contain the transcript. Such being the case, the presumption is that the omitted evidence warranted the judgment. The defendant below introduced no evidence. He merely read on the trial a long plea setting up an assignment of the judgment sued on, apparently on the hypothesis that the court would accept the plea as evidence, which the court very properly refused to do. The plea, itself, was no answer to the action. A court of law looks only to the legal title, and in a suit on a record or non-negotiable instrument by the party having the legal title, if the record or instrument has been assigned, it is not necessary to mention the name of the equitable owner either in the summons or the declaration. Zimmerman v. Wead, 18 Ill. 304; Tedrick v. Wells, 59 Ill. App. 657.

Assuming that appellant's attorney possesses a moderate degree of knowledge of law and legal procedure, the inevitable conclusion, from inspection of the record is, that this appeal was taken solely for delay, which being the case, the court might well have been spared the infliction and appellant the expense of of a long string of printed words entitled "Brief," but

containing not a single tenable legal proposition applicable to the case.

There being no errors apparent in the record, except those committed by appellant's attorney, the judgment will be affirmed.