## Robert Tarrant v. George B. Burch.

1. GARNISHMENT—*Duty of the Garnishee to Protect Himself from Claims of Third Parties.*—It is the duty of a person summoned as garnishee, having notice of the claim of a third person to the indebtedness for which he is summoned, to bring such claim to the attention of the

court by setting up the same in his answer, and if he fails to do so and is required to pay such indebtedness a second time, it will be the result of his own neglect.

2. EQUITABLE OWNERS—*In Courts of Law.*—A court of law looks only to the legal title, and in a suit upon a record or non-negotiable instrument by the party having the legal title, if the record or instrument has been assigned, it is not necessary to mention the name of the equitable owner either in the summons or declaration.

3. PRACTICE—*Objection to the Admission of Evidence to be Made in Apt Time.*—When a party fails to object to the admission of evidence in the court below, he will not be heard to make his objection for the first time in the Appellate Court.

Assumpsit, on the common counts. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 5, 1902.

C. W. GREENFIELD, attorney for appellant.

FRANCIS B. DANIELS, attorney for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The action was assumpsit. *Narr.*, the common counts. Plea, the general issue.

The Norwegian Plow Company, an Iowa corporation, November 17, 1896, made an assignment for the benefit of creditors to appellee. The order of the District Court having jurisdiction in the matter of the assignment, entered November 27, 1896, authorized appellee to continue the business, to manufacture stock into machinery, to sell same, and " to make collections on the book accounts and other evidences of indebtedness," etc. Section 2127 of the Iowa statute provides :

" Any assignee, as aforesaid, shall have as full power and authority to dispose of all estate, real and personal, assigned, as the debtor had at the time of the assignment, and to sue for and recover in the name of such assignee everything belonging or appertaining to such estate."

April 15, 1897, appellant wrote to the Plow Company to send him prices upon certain tools. The next day a reply was sent naming prices. This letter was signed " Norwegian Plow Co., C. W. M." Five days later appellant ordered

the tools and directed them to be sent to his farm in Wisconsin. This was done, and at the same time invoices of the goods were sent to appellant. These invoices were made out on the bill-heads of the Plow Company, and on the face of each was stamped the words, " Geo. B. Burch, assignee." The bills of lading were similarly stamped. At and prior to this last date, one Langworthy, as receiver of the Mutual Fire Insurance Company, held the note of the Plow Company, dated October 12, 1888, for $135 for insurance premium, on which the court having jurisdiction in the matter of the receivership had made an assessment. In some way, not shown by the record, Langworthy learned of this order of appellant's and caused a writ of attachment to be issued against the Plow Company and had the same served on appellant as garnishee. At the trial of this attachment, June 15, 1897, " one F. B. Daniels was present." Appellant admitted " that he was indebted to the defendant in the amount of said invoices." The justice stated that if any one had anything to say why judgment should not be entered therein, he would hear him. Daniels said nothing. Thereupon judgment was entered against appellant as such garnishee for $90, and after the expiration of the statutory time for appeal he paid the amount of this judgment to such receiver.

The 7th of June, 1897, nine days before the trial of the attachment suit, appellee, through said Daniels as his attorney, served written notice upon appellant that the said tools were owned and shipped by him, Burch, then the assignee of the Plow Company, under a general assignment; that such indebtedness would not be affected by any litigation between appellant and the Plow Company and any other of its creditors, but that appellant would remain indebted to appellee until it was paid by the former to the latter. June 18, 1897, appellant wrote appellee, informing him of the entry of the judgment, and stating: " If you are not satisfied to have this money paid on the judgment I will appeal the case to a higher court, so as to let everybody's interest be represented." The next day appellee

replied: "The $90 which you mentioned belongs to me as assignee of the Norwegian Plow Co. It is not for me to direct what you should do. No one has any claim on this money but me and I expect you to pay it," and closed by threatening suit if it be not paid within a reasonable time.

August 6, 1897, all the property and assets of the Plow Company, including this account of $90 against appellant, by order of court were sold and transferred to William L. Bradley and others. March 18, 1898, Burch was discharged as assignee of the Plow Company. The reasonable and agreed price of these tools is $90, and this sum has not been paid unless and except as hereinabove stated.

The summons in the present suit, in the name of appellee individually and not as assignee, was issued October 2, 1897. Upon the trial certain propositions of law were submitted to the court to be held as the law governing the case, which were refused by the court and by which were presented the following points:

"First. The plaintiff has no interest, legal or otherwise, in the subject-matter involved, and therefore can not maintain the suit; and

Second. The plaintiff has no authority to bring or maintain the suit as assignee of the Norwegian Plow Company, or otherwise."

Judgment was entered against appellant for $90; from which he perfected this appeal.

Appellee claims that certain defenses relied upon by appellant were not pleaded.

As noted in the statement of the case, the only pleadings were the common counts and the general issue. The case was submitted to the court for trial upon a stipulation of facts. The effect of this stipulation was to incorporate such facts, in proper form, in the pleadings; or, to phrase it differently, the cause was submitted for trial upon the agreed statement of facts, without reference to the character of the pleadings. Kurtz v. Graybill, 192 Ill. 445–450.

There is another answer to this contention, namely: At the trial appellee failed to object to the admission of this evidence. He will not be heard to make that objection for

the first time in this court. Stark v. Brown, 101 Ill. 395–399.

Appellee had the legal title to these goods. The District Court, under whose orders he was acting, empowered him to carry on the business, to sell the assets, and " to make collections on book accounts, and other evidences of indebtedness." And these things he might do " without first consulting the court."

The statute under which he was appointed, section 2127, Statutes of Iowa, authorizes him " to sue for and recover in the name of such assignee everything belonging or appertaining to such estate, and generally do whatsoever the debtor might have done in the premises."

This account against appellant was sold to Bradley and others prior to the commencement of the suit at bar, in which appellee sues as " George B. Burch." Appellant contends that the action should have been brought in the names of the purchasers, or in the name of the Plow Company. This claim was non-negotiable. The fact that suit is brought upon such a claim for the use of another, need not be expressed upon the record.

" A court of law looks only to the legal title, and in a suit on a record or non-negotiable instrument by the party having the legal title, if the record or instrument has been assigned, it is not necessary to mention the name of the equitable owner either in the summons or the declaration." Cohen v. Schulz, 73 Ill. App. 244.

The legal title to these goods being in appellee by virtue of the assignment, it was not necessary for him to designate himself as assignee in the summons and in the declaration. (Wilmarth v. Mountford, 8 S. & R. (Penn.) 124.) He may sue either in his personal or in his representative capacity. Cullum v. Paul, 8 Pac. Rep. 187–188, and cases cited.

Appellant bought these goods of appellee. He was so informed by the bills of lading and by the invoices. Before the trial of the attachment suit he was notified that he owed the price of these goods to appellee and to no one else. Having notice of this claim, he failed to specifically bring it to the attention of the court in that suit by setting up in

his answer the fact of such adverse claim, but submitted to the entry of a judgment, which he afterward paid. If he is required by this suit to pay this claim a second time, that hardship results from his own neglect of duty. (Greenwich Ins. Co. v. Columbia Mfg. Co., 73 Ill. App. 560; Chott v. Tivoli Amusement Co., 82 Ill. App. 244.) The mere fact that appellee knew of the pendency of the garnishee proceedings and might have intervened, but did not, will not relieve appellant of his duty to protect himself. Rutherford v. Fullerton, 15 S. E. Rep. (Ga.) 471.

The propositions of law presented by appellant were properly refused by the court.

The judgment of the Superior Court will be affirmed.