[Civ. No. 5542. Third Appellate District.—February 17, 1936.]

FRANK SANTOS, Appellant, v. DAVID DONDERO, Respondent.

Lovett K. Fraser for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

LEMMON, J., *pro tem.*—Appellant entered a plea of guilty in the Justice's Court of Township 3, Lake County, to a charge of using artificial light in night hunting of game mammals in violation of section 1151 of the Fish and Game Code. By the judgment and sentence pronounced upon the plea, the justice's court ordered that certain personal property, including a Ford coupe automobile, be forfeited to the fish and game commission, and the defendant herein, a game warden, in pursuance thereof, took the automobile into his possession. An action in claim and delivery against the game warden, defendant herein, was thereupon instituted in the Superior Court of Lake County by appellant, to recover the possession of the automobile, or its value. From a judgment adverse to him, appellant prosecutes this appeal.

It appears that the appellant, in the commission of the offense charged against him, used a spotlight which was attached to the automobile in question. Section 1414 of the

Fish and Game Code provides in part: "The judge or justice before whom any person is tried for violation of any provision of this Code may, in his discretion, upon the conviction of the accused, order the forfeiture of any device or apparatus designed to be, and capable of being used to take birds, mammals or fish, and which was used in committing the offense charged."

Appellant points out that the justice's court complaint did not charge him with the use of the automobile in the commission of the offense, and deduces that the order of that court deprived him of property without due process of law.

■ The right of the state to declare a forfeiture of property used in the commission of a criminal offense upon the conviction of such offense is too well settled to require a review of authorities. Upon the question as to whether the act upon which the forfeiture is predicated has been committed, the owner is entitled to due process of law, and, before his title can be extinguished, it must be judicially determined that the act or event giving rise to the forfeiture occurred. (*State* v. *Peterson*, 201 Wis. 20 [229 N. W. 48].) ■ The plea of guilty to the charge subjected the defendant to any punishment or penalty provided, and which may be imposed by law for the violation of the statute, including (in the discretion of the justice of the peace), the forfeiture of "any device or apparatus designed to be, and capable of being used to take birds, mammals or fish, and which was used in committing the offense charged".

It is urged by appellant that the justice of the peace exceeded his jurisdiction in ordering the forfeiture of the automobile. Respondent replies that the questions as to whether the automobile was a device or apparatus designed and capable of being used, and actually used in the illegal taking of game were for the justice of the peace to decide, and the judgment of his court cannot be collaterally attacked.

■ No presumptions in favor of the judgments of a justice court can be indulged in. The presumptions declared by subdivisions 15 and 16 of section 1963 of the Code of Civil Procedure apply to the judgments of courts of general jurisdiction, but not to judgments of inferior courts, or courts of limited and special jurisdiction. (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283].) A party who relies upon the judgment of a justice's court, or asserts a right thereunder, must

affirmatively allege and prove all facts necessary to confer jurisdiction. If a want of jurisdiction appears, the judgment is void. It necessarily follows that a judgment in excess of jurisdiction of such a court is subject to collateral attack, even where the action was cognizable in such court. (*Brush* v. *Smith,* 141 Cal. 466 [75 Pac. 55]; *Reed* v. *Bernal,* 40 Cal. 628.)

■ It is to be noted that in the description of the property which may be forfeited, set forth in section 1414 of the Fish and Game Code, the clauses are conjunctive. The device or apparatus must not only have been used in the commission of the offense charged, but it must also be capable of being used "and" designed to be used to take birds, mammals and fish. Obviously, an automobile is not "designed" for such purpose. ■ While it is true that wherever necessary to arrive at the evident intent of the statute, courts will substitute "or" for "and", and *vice versa,* this exceptional rule of construction can only be resorted to where the act itself furnishes cogent proof of the legislative error. (*State* v. *Tiffany,* 44 Wash. 602 [87 Pac. 932].) The legislature apparently intended to draw a distinction between property not designed or intended primarily to be used in hunting and fishing, but which might be incidentally used in such pursuits, and property manufactured for these definite purposes. There is nothing in the context or the words used which justifies the giving to the word "and", as there used, a disjunctive construction.

■ If it were to be conceded, as appellant apparently concedes, that the spotlight is a device or apparatus proscribed by the statute, we must, before concluding that the judgment of the justice of the peace, complained of, was within his jurisdiction, hold that the automobile to which the spotlight was attached, is also such a device or apparatus. Section 1151 of the Fish and Game Code, which declares it an offense to use an artificial light to assist in taking game birds or mammals or game fish, defines artificial light, as "any light which is not legally affixed to a motor vehicle," etc. The intent to distinguish the artificial light as something distinct from the motor vehicle, is apparent. The device or apparatus within the prohibition is the light illegally affixed. The word "light" means the instrument through which the illumination is projected, and not the motor ve-

hicle. An intention to confiscate property will not be indulged in by the aid of the strained construction asserted by respondent, where the purpose of the legislature appears clearly otherwise.

The judgment is reversed.

Pullen, P. J., and Thompson, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.