[Civ. No. 5844.   Third Appellate District.—September 23, 1937.]

FRANK SANTOS, Respondent, v. DAVID DONDERO, Appellant.

U. S. Webb, Attorney-General, Ralph O. Marron and Emery F. Mitchell, Deputies Attorney-General, for Appellant.

Lovett K. Fraser for Respondent.

PULLEN, P. J.—The Ford coupe here in question, possession of which had been taken by defendant herein, when

Santos, the plaintiff, had been arrested, was forfeited to the fish and game commission by a judgment of the justice's court of the county of Lake. Thereafter an action in claim and delivery was filed and judgment adverse to Santos, plaintiff herein, was entered. Upon appeal this court in *Santos* v. *Dondero,* 11 Cal. App. (2d) 720 [54 Pac. (2d) 764], reversed the judgment, holding that the justice's court had exceeded its jurisdiction in forfeiting the automobile and that it remained the property of plaintiff. Upon this judgment becoming final, the fish and game commission, who had received possession of the car through defendant herein, surrendered the coupe to plaintiff.

The present action was for damages for withholding the said automobile, and after a hearing the trial court found that plaintiff was deprived of the use of the coupe from September 29, 1934, to April 20, 1936, less some thirty days that plaintiff was confined to jail, and found that the reasonable value of the use to plaintiff for the 531 days was at the rate of $1.25 per day or a total sum of $663.75.

Appellant reargues that the game warden did not wrongfully take possession of the automobile nor did he unlawfully retain possession of the same, but that matter has been disposed of in the case of *Santos* v. *Dondero, supra.*

From the evidence it appears defendant was a game warden and received information that someone had been engaged in the unlawful hunting of deer at night with a spotlight. On September 29th he went to a labor camp where plaintiff was employed, and after some investigation determined plaintiff was guilty of the charge and ordered plaintiff to get in the Ford coupe and accompany him to the office of the justice of the peace at Upper Lake. Plaintiff accompanied defendant to Upper Lake, where defendant took the keys of the car and thereafter retained them until at some later date he delivered them to the fish and game commission. That this taking and holding was unlawful is now settled by *Santos* v. *Dondero, supra,* and it now becomes the law of the case.

It is also claimed by appellant that the fish and game commission is the proper party defendant in this action, but the original taking by Dondero having been unlawful, he cannot escape liability by turning the car over to another.

■ That being true it leaves for consideration only whether or not the amount fixed by the court was reasonable. The trial court having taken evidence upon that matter and responsible witnesses having testified as to the reasonable value of the use of the car in sums greater than that found by the court, we cannot say that the amount as determined by the trial court was either excessive or unreasonable.

The judgment of the court is affirmed.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 23, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 22, 1937.