[No. 19008.    Department Two. — February 16, 1893.]

FRANK E. WASHBURN, Appellant, v. JULIUS LYONS et al., Respondents.

Street Assessment — Publication of Resolution of Intention — Posting — Statutory Construction — "And" Construed as "Or" — Pleading. — In section 3 of the act to provide for work upon streets within municipalities (Stats. 1885, p. 147) as amended by the act of March 14, 1889 (Stats. 1889, p. 157), which provides that the resolution of intention to do street-work "shall be published *and* posted" in the manner prescribed in section 34 of the act, the word "and" is used in the sense of "or," and the statute is to be construed as requiring publication, if there is a paper published in the city, and posting in the manner prescribed in section 34, if no paper is printed in the city. A complaint in an action upon a street assessment which alleges that the resolution was published for the required period in a daily paper printed in the city, and designated by the city council for that purpose, is not defective because not also alleging that the resolution was posted.

Id. — Delay in Making Contract — Pleading. — A complaint in an action upon a street assessment is insufficient if it fails to show that the contract for the work done fixed the time for the commencement and completion of the work to be done thereunder, in accordance with the requirements of section 6 of the act of March 18, 1885 (Stats. 1885, p. 147), as amended by the act of March 14, 1889 (Stats. 1889, p. 157).

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*John T. Jones*, and *Jones & Carlton*, for Appellant.

*Julius Lyons*, for Respondents.

De Haven, J. — The court below sustained a demurrer to the complaint, and thereupon gave judgment for the defendants, and the plaintiff appeals.

The complaint does not allege that the resolution of intention was posted, but it does aver that such resolution was published for two days in a daily paper printed in the city, and designated by the city council for that purpose. The first sentence of section 3 of the act "to provide for work upon streets . . . . within municipalities" (Stats. 1885, p. 147) as amended by the act of March 14, 1889 (Stats. 1889, p. 157), is as follows:

" Before ordering any work done or improvements made, which is authorized by section 2 of this act, the city council shall pass a resolution of intention so to do, . . . . which shall be published and posted for two days in the manner prescribed by section 34 of this act." It is claimed by defendants that under this provision the resolution itself should have been posted, as well as published, but we do not think so. The reference to section 34 of the act, and a consideration of the subsequent part of section 3, which provides for the posting of the notice of the passage of the resolution, make it very clear that the word " and," as used in the clause " published and posted," in the sentence above quoted, should be construed to mean " or." Thus construed, the statute requires the resolution of intention to be published the prescribed length of time, if there is a paper printed in the city, and if there is no such paper printed, that then it shall be posted in the manner prescribed by section 34 of the act. The objection of defendants, therefore, to this part of the complaint is not well taken.

But in another respect the complaint is defective. It fails to show that the contract which is the foundation for the assessment sought to be enforced fixed the time for the commencement and completion of the work to be done thereunder, in accordance with the requirements of section 6 of the act of March 18, 1885, before referred to. In the recent case of *Libbey* v. *Elsworth, post*, p. 316, we held this to be an omission fatal to the complaint in this class of actions, and upon the authority of that case, the judgment must be affirmed.

Judgment affirmed.

FITZGERALD, J., and McFARLAND, J., concurred.