[S. F. No. 9393. In Bank.—December 8, 1920.]

NORTHWESTERN REDWOOD COMPANY (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — DESERTION OF FAMILY — RECOVERY OF COMPENSATION BY WIFE OR CHILDREN—CONSTITUTIONALITY OF PROVISION.—The provision of section 24, subdivision 5, of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831), allowing the wife or minor children of an injured employee, who is neglecting his obligation to his family by desertion or otherwise, to prosecute proceedings for the recovery of compensation for his injuries, is not unconstitutional, although the compensation is community property.

[2] ID.—PROCEEDING BY DESERTED WIFE — AMENDMENT OF TITLE — STATUTE OF LIMITATIONS.—Where a wife who had been deserted by her husband instituted a proceeding for the recovery of com-

pensation for his injury and entitled the proceeding in his name and signed the application herself, but subsequently amended the title by substituting her own name, the fact that the amendment was made after the period of six months fixed by law for the bringing of such a proceeding had expired did not bar her claim, since the mere change in the title was the correction of an informality and not the commencement of a new proceeding.

[3] ID.—NOTICE OF PROCEEDINGS—CONSTRUCTIVE NOTICE TO HUSBAND. In a proceeding by a deserted wife to enforce a lien upon the compensation of her husband for injuries, notice to the husband by publication is sufficient, since the proceeding is one *quasi in rem* to enforce the rights of the wife in community property located in this state.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission. Affirmed.

The facts are stated in the opinion of the court.

R. P. Wisecarver and Redman & Alexander for Petitioners.

A. E. Graupner and Warren H. Pillsbury for Respondents.

WILBUR, J.—Petitioners seek to review and annul an award of the respondent commission, which was made because of an accident suffered by Jack Schaefer, husband of respondent Mary Schaefer, February 14, 1918, while he was employed by the Northwestern Redwood Company, resulting in the amputation of one finger and the crippling of the other fingers of the hand. No question is raised as to the amount or as to the obligation to make compensation for said injuries under the workmen's compensation law. The contention of the petitioners is that the award could not properly be made upon the petition of the wife. The injured employee had married the respondent, Mary A. Schaefer, about a week before the accident. Two months after the marriage he left his wife, taking with him five hundred dollars of her money, came to San Francisco, wrote her that he would return on the next Sunday, and has not been heard of since.

The respondent, Mary Schaefer, based her right to the award upon the provision of section 24, subdivision 5, of

the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, pp. 831, 852), which is as follows: "(b) The commission may fix and determine and allow as a lien against any amount to be paid as compensation; . . . (5) The reasonable living expenses of the wife or minor children of the injured employee, or both, subsequent to the date of the injury, where such employee has deserted or is neglecting his family, to be allowed in such proportion as the commission shall deem proper, upon application of the wife or guardian of the minor children."

Petitioner claims, however, that the application for compensation must be made by the injured employee and that the application by the wife as a lien claimant is not authorized by the law. The statute expressly authorizes the application by any party in interest. The provision is in sections 17 and 55, as follows: "Sec. 17. (a) Upon the filing with the commission by any party in interest, . . . concerning any right or liability arising out of, or incidental thereto, jurisdiction over which is vested by this act in the commission, a time and place shall be fixed for the hearing thereof . . . Sec. 55. (a) All proceedings for the recovery of compensation, or concerning any right or liability arising out of or incidental thereto, or for the enforcement against the employer or an insurance carrier of any liability for compensation imposed upon him by this act in favor of the injured employee, his dependents or any third person, or for the determination of any question as to the distribution of compensation among dependents or other persons . . . or for obtaining any order which by this act the commission is authorized to make, or for the determination of any other matter, jurisdiction over which is vested by this act in the commission, shall be instituted before the commission, and not elsewhere, except as otherwise in this act provided, and the commission is hereby vested with full power, authority and jurisdiction to try and finally determine all such matters, subject only to the review by the courts in this act specified and in the manner and within the time in this act provided."

[1] In dealing with the right of the wife to maintain a proceeding, it is well to remember that the compensation inuring to the husband by reason of his disability is community property. Although the interest of the wife in such

property is inchoate, there is no constitutional objection to a law which permits her to proceed in behalf of the community to secure the property belonging to the community, particularly where the husband has deserted the wife and defaulted in his obligations to the marital partnership. Moreover, it is quite as consistent with the whole theory of the Workmen's Compensation Act to allow the wife or children of an injured employee, who is neglecting his obligation to his family by desertion or otherwise, to prosecute the proceedings for the recovery of compensation as it is to allow the dependents of a deceased husband to prosecute a similar proceeding. The latter course has been sustained as a constitutional exercise of authority (*Western Metal Supply Co.* v. *Industrial Acc. Com.,* 172 Cal. 407, [Ann. Cas. 1917E, 390, 156 Pac. 491]), and for the same reasons the provisions of the act relied upon by the respondent, Mary Schaefer, must be sustained as constitutional.

With these preliminary observations, we return to a consideration of the points raised by the petitioner with reference to the procedure adopted in this case for the enforcement of the claim or lien of the wife against the compensation due to her husband because of the injuries received by him in the course of his employment.

[2] On May 22, 1918, the wife filed an informal request with the commission asking that she be granted a lien upon the compensation alleged to be due her husband on account of this injury. On June 5, 1918, the commission filed and served an order upon the petitioners to show cause why such a lien should not be granted. A return was made denying that any compensation was due the husband. On June 17, 1918, Mary A. Schaefer signed and filed a formal application with the Industrial Accident Commission requesting an adjustment of the claim of her husband and the enforcement of her lien thereon. This application, although made by the wife in her own name, was entitled, "Jack Schaefer, Applicant, vs. Northwestern Redwood Company, a Corporation, Defendant." Notice of the hearing of the application was given for July 17, 1918. The petitioners appeared and resisted the application. At the hearing Mrs. Schaefer testified that she had no authority from her husband to file the application on his behalf; that she did not know where he

was and that he had disappeared, and related the circumstances of his disappearance. On September 20, 1918, the commission denied the application of petitioner herein to dismiss the application, and on September 26, 1918, more than six months after the injury, an order was made amending the title of the application by substituting Mary A. Schaefer as the applicant instead of Jack Schaefer, and that Jack Schaefer, the injured employee, be made a defendant with the petitioner herein, and that the proceedings be continued under the new title. It was further ordered that notice of the time and place of hearing of the application should be published. On October 17, 1918, a notice of hearing was served upon the petitioners herein and the hearing was set for January 17, 1919. It appeared on that date that the notice had not been properly published, and on February 11, 1919, the commission again set the hearing in the case and ordered publication of notice to the defendant husband. The hearing was fixed for April 30, 1919. At that time, it appearing to the commission that proper notice had been published, a hearing was had and an award made that the employee had received an injury in the course of his employment, and that by reason thereof he was entitled to $2,314.35, payable at $16.67 per week for 139 weeks; that the amount of compensation accrued and payable to December 29, 1919, equaled the sum of $1,598.40. The commission further found that Mary A. Schaefer was the deserted wife of Jack Schaefer; that she was entitled to sixty dollars a month as a lien on his compensation from and after the sixteenth day of April, 1918, and that the amount accrued to the sixteenth day of December, 1919, a period of twenty months, was one thousand two hundred dollars. This amount was ordered payable forthwith to Mary A. Schaefer, with an award to her of sixty dollars a month beginning December 16, 1919, and continuing until the exhaustion of the disability indemnity of $2,314.35 due Jack Schaefer. It is claimed by the petitioners that substitution of the respondent wife as a petitioner before the commission was in legal effect the beginning of a new proceeding on her behalf after the period of six months fixed by law for the bringing of such proceedings had expired, and that, therefore, her claim is barred. This claim is based upon the assumption that

the first petition was a wholly unauthorized application by the wife as agent for the husband and, hence, ineffective to toll the statute of limitations. However, it is clear from the entire procedure that the wife from the first was seeking to enforce the obligation which the statute authorized her to enforce, namely, a claim or lien upon the compensation due her husband. The fact that the first petition was entitled as if brought by the husband is immaterial. The face of the petition showed the nature of the claim asserted and that the petitioner signed the petition in her own right. The Workmen's Compensation Act and the constitution both expressly require the commission to proceed without formality and the act (section 60a) directs that the awards of the commission shall not be set aside because of any informalities in the procedure. The commission is directed by the provisions of section 60 (a) to "make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this act. No informality in any proceeding or in the manner of taking testimony shall invalidate any order, decision, award, rule or regulation made, approved or confirmed by the commission." In view of the nature and character of the proceeding, we hold that the mere change in the title of the petition and of the proceedings had no effect upon the substantial matters submitted to the commission for adjudication, and that they had jurisdiction under the petition as filed, with or without amendment, to determine the rights of the deserted wife to the compensation allowed to her husband and herself by law.

[3] Petitioners also claim that the award is improper because of the fact that no notice other than by publication was served upon the husband, for the reason that he is thus deprived of his property without due process of law. Respondent maintains that this constitutional question cannot properly be raised by the employer, who, in any event, is bound to make compensation. Without passing upon respondent's contention, it is sufficient to say that the purpose of this proceeding is to enforce the rights of the wife in community property located in this state, and that constructive notice to the husband is, therefore, sufficient to give jurisdiction to pass upon the questions so involved.

The proceeding may be characterized as one *quasi in rem.* In such proceeding notice by publication is a sufficient compliance with the federal constitution. The distinction between this type of action and an action *in personam* is pointed out in L. R. A. 1918F, 609, 610. It is unnecessary to discuss this matter at length, as the right to subject this claim within the state of California to the lien of the wife is sufficiently clear from the authority just cited. The rule in such matters is laid down in the leading case of *Pennoyer* v. *Neff,* 95 U. S. 714, [24 L. Ed. 565, see, also, Rose's U. S. Notes]: The state, having within it certain property of a nonresident, may hold and appropriate it to satisfy the claims of her citizens against him, and her tribunals may inquire into his obligations to the extent necessary to control the disposition of that property. If he has no property within the state, there is nothing upon which her tribunals can adjudicate.

The petitioners next contend that there is a presumption that the husband is dead and that, therefore, the award is improper. It is argued that the presumption that the husband is innocent of crime overcomes the presumption of the continuance of life, and that, therefore, the presumption of innocence required the commission to find that the husband was dead. This contention is based upon the fact that under section 270a of the Penal Code it is a felony for a husband to willfully abandon his wife in a destitute condition, or to refuse or neglect to provide such wife with necessary food, clothing, etc. It appears, however, that the commission was amply justified in finding that the injured employee was still living. The wife has never heard from him since his arrival in San Francisco. Either he left home intending to desert his wife, or afterward formed that intention, or suddenly died without sufficient warning to notify his wife of his condition. He was in good health when he left home. There was no reason, other than his sudden death or an intention to desert, why he should not have written his bride of two months, if, for any reason he had changed his plan to come home the next Sunday. If he had died suddenly, no doubt the wife would have been notified. She received no such notice. There were other facts and circumstances, which need not be stated, which also

supported the conclusion of the commission that Jack Schaefer was living.

The award is affirmed.

Sloane, J., Olney, J., Shaw, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.