[S. F. No. 11633.  In Bank.—December 16, 1926.]

JOHN LIPTAK, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

[1] WORKMEN'S COMPENSATION ACT—LOSS OF REMAINING EYE—PERMANENT DISABILITY.—Where an employee has previously lost the sight of one of his eyes, the loss of his remaining eye by an industrial accident results in a condition contemplated by section 9 of the Workmen's Compensation Act requiring a permanent disability rating.

[2] ID.—STATUTORY CONSTRUCTION.—Where a provision of the Workmen's Compensation Act is susceptible of an interpretation either beneficial or detrimental to an injured employee, the court is called upon, under the provisions of section 69, to adopt the construction beneficial to such employee.

---

(1) Workmen's Compensation Acts, C. J., p. 94, n. 98.    (2) Workmen's Compensation Acts, C. J., p. 40, n. 95.

1. Loss or impairment of eyesight, notes, 8 A. L. R. 1324; 24 A. L. R. 1466. See, also, 27 Cal. Jur. 509.

2. See 27 Cal. Jur. 260.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission awarding compensation for injury. Award annulled.

The facts are stated in the opinion of the court.

Robert M. Searls and Milton L. Schmitt for Petitioner.

Frank J. Creede, G. C. Faulkner and Warren H. Pillsbury for Respondent.

R. P. Wisecarver and Redman & Alexander, *Amici Curiae.*

THE COURT.—A rehearing was granted herein in order that the court might give further consideration to the matters presented by respective counsel upon application therefor. Upon resubmission of the cause the court is satisfied with the correctness of its opinion heretofore filed herein and hereby adopts the same and reaffirms the order directed to be made therein. Said opinion reads as follows:

"The petitioner seeks to review an award made by the respondent Industrial Accident Commission for the loss of petitioner's remaining eye. The only point involved in the proceeding is whether or not the respondent Commission erred in not awarding petitioner more than twenty-six and one-fourth per cent disability rating for the loss of his remaining eye on July 28, 1924, through an industrial accident. The other eye had been lost many years previously through a nonindustrial accident. It is contended by the petitioner that under the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, Ch. 586, p. 831) he should have been given a total permanent disability rating.

"We quote the pertinent provisions of the Act: 'Sec. 9, (b) (2) (9): The following permanent disabilities shall be conclusively presumed to be total in character: Loss of both eyes or the sight thereof; loss of both hands or the use thereof; an injury resulting in a practically total paralysis; an injury to the brain resulting in incurable imbecility or insanity. In all other cases, permanent total disability shall be determined in accordance with the fact.

"'(10) The percentage of permanent disability caused by any injury shall be so computed as to cover the permanent

disability caused by that particular injury without reference to any injury previously suffered or any permanent disability caused thereby.'

"Sec. 11, par. f: 'The fact that any employee has suffered a previous disability, or receives compensation therefor, shall not preclude him from compensation for a later injury, or his dependents from compensation for death resulting therefrom, but in determining compensation for the later injury, or death resulting therefrom, his average annual earnings shall be fixed at such sum as will reasonably represent his annual capacity at the time of the later injury.'

"Sec. 69, par. a: 'Whenever this act, or any part or section thereof, is interpreted by a court, it shall be liberally construed by such court with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment.'

[1]   "It is contended by petitioner that 'The provisions of Section 9, above quoted, expressly fix the loss of the sight of both eyes as a permanent disability. If the sight of one eye has already been lost, then an accident causing the loss of the remaining eye results in the loss of the sight of both eyes, that is, total blindness, the condition contemplated by Subdivision 9 as requiring a permanent disability rating.'

"The respondent Commission concedes that the above quoted provisions of the Workmen's Compensation Act 'are possibly susceptible of different constructions.' To justify the award, however, it sets forth a brief history of the legislation, stating, in effect, that two reasons prompted the enactment of subdivision 10 of Sec. 9 (b) (2), above quoted, namely: (1) Public policy—it was thought that serious discrimination by employers against employees having but one eye might result if a heavy liability were imposed upon the employer in whose service the remaining eye was lost; and (2) The allaying of uncertainty as to whether or not the appellate courts of the state would uphold its awards under the law as it stood before the enactment of said subd. 10 of Sec. 9 (b) (2). It is then concluded by the respondent Commission that 'In view of the probability that the California Workmen's Compensation Act as enacted in 1913 would have been interpreted to allow a one hundred per cent disability for loss of a second eye, it would seem that the adoption of subd. 10 of Sec. 9 (b) (2) can be explained

only upon the theory that the legislature desired to avoid this conclusion.'·

"A brief was also filed by the State Compensation Insurance Fund which states, in substance, that the only issue is the proper construction to be given Sec. 9 (b) (2) (10) of the Workmen's Compensation Act and that in construing this section due consideration should be accorded to the interpretation given it by the Industrial Accident Commission for the past ten years, to the history of the amendment, its purposes, and to public policy.

"In reply to these two briefs the petitioner asserts that 'the provisions of Section 9 (b) (2) (10) admit of the construction for which the petitioner here contends; that it is the plain duty of the court under the further provisions of Section 69 of the Act to give petitioner the benefit of every doubt, if any exists in the mind of the court, in construing that Section so as to make it effective for his benefit.'

"It is plain to us from the ambiguous and uncertain language of subdivision 10 of Sec. 9 (b) (2) that is is, in a sense, susceptible of either of the constructions contended for and that it might, were it not for paragraph 'a' of Sec. 69, support either interpretation. The language of the subdivision is such that it may properly and reasonably be said to support the construction urged by petitioner, namely, that the percentage of permanent disability caused by an injury shall be computed without reference to any injury previously suffered or any permanent disability caused thereby, which, in the case of an employee having but one eye and losing it. would be a total permanent disability. **[2]** Where, as here, a provision of the Act is susceptible of an interpretation either beneficial or detrimental to an injured employee we are called upon, under the provisions of section 69, to adopt the construction beneficial to such employee.

"That the loss of a remaining eye, through an industrial accident, results in permanent total disability would seem to be suggested by the declarations of appellate courts in other jurisdictions. In *Branconnier* v. *Travelers' Ins. Co.*, 223 Mass. 273 [111 N. E. 792], the court declared: 'The total capacity of this employee was not so great as it would have been if he had had two sound eyes. His total capacity was thus only a part of that of the normal man. But that

capacity, which was all he had, has been transferred into a total incapacity by reason of the injury.'

"It is stated in *In re J. & P. Coats,* 41 R. I. 289 [103 Atl. 833], that 'The resulting total and permanent loss of vision must be productive of the same disability, whether the injured person before the accident had one or two eyes. In the case of the man with one eye the employer is not by this interpretation made to give him compensation for the earlier loss of the other eye, as seems to be suggested, inasmuch as the compensation to be paid is based upon the presumably fair wage paid the employee for his earning capacity at the time of the injury, which totally deprived him of that capacity.'

"We quote from *Brooks* v. *Peerless Oil Co.,* 147 La. 383 [83 South. 663], the following: 'The rationale of these Employers' Liability Acts is that the employment in which the workman has been disabled owes him a living, and it stands to reason that the workman is as totally disabled from work by the loss of one eye as by the loss of two, if he had but one, and by the impairment of the sight as much as by the loss of it, if the impairment be to such a degree as to disable entirely from work. In speaking of the workman being only partially disabled by the loss of one eye, one arm, or one foot, the Employers' Liability Act has reference evidently to the normal man, having both eyes, arms or feet.'

"We find no merit in the contention of respondent Commission that the decisions of other jurisdictions are distinguishable and not controlling for the reason that no provision similar to our subdivision 10 of Sec. 9 (b) (2) was involved, for, as already indicated, this subdivision is ambiguous and open to possible conflicting interpretations and must, under section 69, be construed in favor of the injured employee.

"In view of the foregoing the award of the respondent Commission is annulled and the Industrial Accident Commission is hereby ordered and directed to make and enter an award of permanent total disability in favor of petitioner."