HOVEY v. GENERAL CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—QUESTION NOT RAISED BEFORE DEPUTY COMMISSIONER WAIVED.

Where, in proceedings before the deputy commissioner under the workmen's compensation act, the defense was the statute of limitations, and plaintiff did not ask that it be made more specific, the commission, on reviewing the determination of the deputy commissioner denying compensation, properly ruled that said question was waived.

2. SAME—LIMITATION OF ACTIONS—TWO-YEAR LIMITATION APPLIES ONLY WHERE DISABILITY DEVELOPS MORE THAN SIX MONTHS AFTER ACCIDENT.

Under the workmen's compensation act (Comp. Laws Supp. 1922, § 5445), the two-year limitation within which proceedings for compensation may be maintained applies only to claims in which the actual injury, disability, or incapacity does not develop within six months after the accident, and, therefore, a claim made within six months after the death of the injured workman is not barred thereby, although more than two years have elapsed since the date of the accident.

---

[1]Workmen's Compensation Acts, C. J. § 109; [2]Id., C. J. § 103; 16 A. L. R. 462; 40 A. L. R. 495; 28 R. C. L. 825; 4 R. C. L. Supp. 1870; 6 R. C. L. Supp. 1764.

3. Same—Applicability of General Statute of Limitations.

Even if the general statute of limitations (3 Comp. Laws 1915, § 12323) is applicable to claims presented under the workmen's compensation act, a widow's claim for compensation which, under the act (Comp. Laws Supp. 1922, § 5445), did not accrue 'until the husband's death, is not barred where presented within six months after his death, although more than three years had elapsed since the date of the accident.

4. Same—Whether Injury Proximate Cause of Death Question For Determination by Commission.

Whether the injury received by an employee was the proximate cause of his death several years after, which is a disputed question, should be determined by the commission in proceedings by his widow under the workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted January 17, 1928; resubmitted March 27, 1928.   (Docket No. 55.)   Decided April 3, 1928.

Clara Hovey presented her claim for compensation against the General Construction Company and the Maryland Casualty Company, insurer, for the accidental death of her husband in defendant's employ. From an order denying compensation, plaintiff brings certiorari.   Reversed and remanded.

*Jones & Patek,* for appellant.

*Derham & Derham,* for appellees.

North, J.   John Hovey suffered a compensable injury November 15, 1922.   Compensation for total disability was paid to him by the defendants herein up to and including the day of his death, August 10, 1926. His widow gave notice of her claim for compensation as a total dependent September 2, 1926.   The defendants served notice of their defenses, one of them being

L. R. A. 1917D, 138; L. R. A. 1918E, 559; 28 R. C. L. 825; 5 R. C. L. Supp. 1579.

that "the claim is barred by the statute of limitations." The matter was regularly brought on for hearing before a deputy commissioner, who found that the widow as plaintiff was "not entitled to recover compensation * * * as the claim for compensation was not made within two years from the date of the injury, as required by law." This determination was reviewed by the commission and affirmed. The plaintiff has brought the case to this court by certiorari.

It is contended in behalf of the plaintiff that the notice of the defense is not sufficiently definite in that it does not specify the particular "statute of limitations" relied upon. This question was not raised at the hearing before the deputy commissioner, and in disposing of it on review the following is stated in the opinion rendered by the commission:

"The transcript has been carefully read. The commission find numerous objections offered by plaintiff's attorney but are unable to find where plaintiff's attorney offered any objection on this particular point, during the hearing. We have, also, examined his claim for review, and do not find where he asked that defendant be required to make his defense more specific. If there was any merit to this particular point it was not raised at the hearing before the deputy commissioner and is, therefore, waived."

The foregoing ruling was correct and is approved by us.

Whether plaintiff's claim is barred will be determined by the construction to be placed upon section 15 of part 2 of Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5445), which, so far as here involved, is as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing,

shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, within six months after said death; or, in the event of his physical or mental incapacity, within the first six months during which the injured employee is not physically or mentally incapacitated from making a claim: *Provided, however,* That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within three months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained." * * *

The precise question is whether the two-year limitation applies to every type of claim included within the above section, or whether the expression "No *such* claim shall be valid or effective," etc., refers only to those claims incident to which the "injury, disability or incapacity" does not develop within the first six months' limitation.   The opinion of Justice STEERE in *Millaley* v. *City of Grand Rapids,* 231 Mich. 10, seems to have been misconstrued as holding that the limitation of making the claim within two years from the date of the injury applies to every claim included in the section.   We think the contrary clearly appears from the opinion wherein it is said:

"In 1919 the legislature amended and revised that section (15) of the act, *retaining the six months' limitation after the death of the injured party.*"

If this six months' period is "retained" in the amended statute, as Justice STEERE rightly stated, then the claim of the plaintiff herein is not barred.   From

the context of this section it clearly appears that the expression "no such claim shall be valid," etc., applies to and limits only the type or class of claims specified in the proviso of which this expression is a part, *i. e.,* those wherein the actual injury does not develop or become apparent within six months.    The preceding part of this section includes the ordinary claim which is barred by the terms of this part of the statute unless presented within six months after the date of the injury.    Surely it would be a strained construction to attempt to apply a two-year limitation to a claim which was already limited to a six months' period for presentation.    If the two-year limitation were applicable to claims of dependents, then in every instance where the injured employee lived more than two years after the date of his injury, as in the instant case, his dependents could have no right of compensation. While this circumstance is not conclusive as to the proper construction of this section, surely it is somewhat persuasive.    If the legislature had intended to fix such a limitation it is fair to presume it would have couched it in language far more direct, simple, and concise than that found in this section.    The limitation of two years applies only to the class of cases included within the first proviso of this section.

It is also urged by the defendants that even though the plaintiff's claim is not otherwise barred, it falls within the general statute of limitations applicable to actions arising out of personal injuries (3 Comp. Laws 1915, § 12323), which provides that "actions to recover damages to person or property shall be brought within three years," etc.    This provision, if applicable, would not bar plaintiff's claim, because her right to compensation did not accrue at the date of her husband's injury, but, instead, it came into existence as a new cause of action on the date of his death.    *Curtis* v. *Slater Construction Co.*, 202 Mich. 673.    The plaintiff properly presented her claim well within the stat-

utory limitation of six months from the date of her husband's death.

Neither the deputy commissioner nor the commission when considering this claim on review determined whether the injury received by plaintiff's husband was the proximate cause of his death. This is a disputed issue of fact which should be determined by the commissioners, who are the triers of the issues of fact involved in claims of this character. The record is, therefore, remanded to the commission for further consideration and such disposition of the plaintiff's claim not inconsistent herewith as shall be deemed just and proper.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.