No. 30,422.

MYRTLE I. FRARY, as an Individual and as Mother and Next Friend of CARRIE BELL FRARY and ANNA MARIE FRARY, Minors, *Appellees*, v. THE ROXANA PETROLEUM CORPORATION (now THE SHELL PETROLEUM CORPORATION), *Appellant*.

(9 P. 2d 652.)

Opinion filed April 9, 1932.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellant.

*Earl M. Knight, W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: In an action prosecuted under the workmen's compensation act as it existed previous to 1927 judgment was rendered

against the employer. An appeal to this court was dismissed. After the time for filing a petition for rehearing had expired, and after the mandate of this court had been transmitted to the district court and had been spread of record there, an application to file a petition for rehearing was filed, and was denied. The employer then filed a motion in the district court to set aside the judgment as void. The motion was denied, and the employer appeals. The single question is whether the district court had jurisdiction to render the judgment.

Previous to June 30, 1927, the workmen's compensation act permitted civil actions to recover compensation. On that date a new act took effect, under which a proceeding to obtain compensation is administrative, with a limited appeal to the district court. In this instance the accident occurred on September 30, 1926, while the old law was in force. The workman's death occurred on November 7, 1927, after the new law became effective. The action was commenced pursuant to the old law on August 30, 1928, and proceeded regularly to judgment. In the opinion disposing of the appeal from the judgment appears the following statement:

"By what appears to be the greater weight of authority, and certainly by the better reasoning, the cause of action for compensation for the death of a workman arises from the *death* and not from the *injury* which eventually results in the death. (Citing cases.)" (*Frary v. Roxana Petroleum Corp.*, 132 Kan. 854, 855, 297 Pac. 668.)

The statement was correct, but it was not available to the court as a basis of decision because the subject was governed by statute.

The original workmen's compensation act provided as follows:

"The cause of action shall be deemed in every case, including a case where death results from the injury, to have accrued to the injured workman at the time of the accident; . . ." (Laws 1911, ch. 218, § 37.)

In 1917 the section was amended to read as follows:

"The .cause of action shall be deemed in every case, including a case where death results from the injury, to have accrued to the injured workman or his dependents or legal representatives at the time of the accident; . . ." (Laws 1917, ch. 226, § 21; R. S. 44-535.)

A similar provision, adapted to the present nature of the compensation proceeding, appears in the new law (R. S. 1930 Supp. 44-535). The 1917 statute, and the recognition of it in the opinion in *Routh v. List & Weatherly Construction Co.*, 124 Kan. 222, 224, 257 Pac. 721, were not present in the court's mind when the quoted

statement was made, and were not called to attention until the case had passed beyond the court's control.

When the workman died in November, 1927, the separate cause of action in favor of his dependents accrued, by relation, for purpose of action, at the date of the accident in 1926; and the old law remedy by action, which included appeal according to the civil code, was saved by a provision of the new law. (R. S. 1930 Supp. 44-505.)

The decision in the case of *Frary v. Roxana Petroleum Corp.,* 132 Kan. 854, 297 Pac. 668, is overruled.

The district court had jurisdiction to render the judgment, and the ruling denying the motion to set the judgment aside is affirmed.