[Civ. No. 6532.   Third Dist.—April 28, 1941.]

MRS. JOHN GLAVICH et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

518

M. I. Pierovich and Jas. J. Arditto for Petitioners.

Everett A. Corten and Keith & Creede for Respondents.

THOMPSON, J.—The widow and minor children of John Glavich, deceased, seek by means of *certiorari* to reverse the order of the Industrial Accident Commission disallowing compensation claimed by them for death benefit and funeral expenses under the provisions of section 4701 of the Labor Code. The claim was denied on the ground that it is barred by the failure of the workman to present his demand for compensation for disability incurred in the course of his employment, under section 5405, within six months from the time he acquired knowledge thereof. The claim of the widow and children was denied on the theory that it is based on the same transaction which was involved in Mr. Glavich's application for compensation, and that his failure to apply for compensation within the statutory period also bars their subsequent claim because section 5303 of the same code provides that there can be but one cause of action growing out of the same transaction.

The petitioners are the widow and minor children of John Glavich, deceased. He worked as a miner for the respondent, Fred A. Mueller, at Fiddletown, from August, 1933 to August, 1935, during which time he incurred silicosis. He filed his claim for compensation therefor with the Industrial Accident Commission, November 12, 1936. An award was first made in his favor, April 24, 1937. On application therefor, a rehearing of the cause was granted on the ground that the award was made without due notice. Upon rehearing the commission found that John Glavich "was advised on April 22, 1936, that he was suffering from silicosis, resulting from his occupation as a miner, and the date of his injury, there-

fore, by reason of the combination of such knowledge and disability is April 22, 1936. The application was not filed herein until November 12, 1936, more than six months thereafter, and the claim is accordingly barred." Based upon that finding, his petition for award was denied December 14, 1938. A subsequent petition for rehearing thereof was also denied.

John Glavich became a patient in Weimar Sanatorium April 21, 1936. He died January 15, 1939. The death certificate assigned the cause of his death as "Pulmonary Tuberculosis", contributed to by "Pneumoconiosis" (silicosis).

October 11, 1939, the widow and minor children of John Glavich filed their claim with the Industrial Accident Commission, for death benefit and funeral expenses, under section 4701 of the Labor Code. After hearing upon the last-mentioned claim, the commission found that:

"There being but one cause of action for each transaction coming within the provisions of Division IV of the Labor Code, . . . the application filed herein on October 11, 1939, is based upon the same transaction involved in the application filed by John Glavich November 12, 1936, and which has heretofore been adjudicated."

The commission thereupon denied the application of these petitioners for funeral expenses and death benefit. A petition for rehearing of the last-mentioned proceeding was also denied. This petition for a writ of *certiorari* was then filed.

The petitioners contend that the death benefit and burial expenses provided for in section 4701 of the Labor Code create a liability against the employer separate and distinct from the disability compensation to which the workman is entitled; that the claims of the workman for disability compensation and those of the dependents for death benefit and funeral expenses are not joint, within the provisions of section 5303 of the Labor Code, but on the contrary they are severable and therefore they are not required to be joined in the cause of action; that the failure of John Glavich to present his claim for compensation within six months from the time he acquired knowledge of his disability, does not bar the widow and minor children from maintaining this proceeding, and that the statute of limitations with respect to the claim of the minor dependents is specifically tolled by the provisions of section 5408 of the Labor Code.

■ The statute of limitations, prescribing the time within which a proceeding to collect death benefit authorized by section 4701 of the Labor Code, is determined by section 5406 of that code. It provides that the periods within which proceedings of that nature may be commenced are as follows:

"(a) One year from the date of death, and *in any event* within—

"(1) Two years from the date of injury, except as otherwise provided in this section.

"(2) 240 weeks from the date of injury, where the injury causing death also caused disability which continued to the date of death *and for which a disability payment has been made,* or agreed to be made, or proceedings for its collection had been instituted within the time limits set forth in section 5405.

"(b) Two years from the date of injury, in cases described in section 5405 (b)."

Applying the preceding section to the facts of this case, it appears that the claim for death benefit was filed within one year from the date of death. However, it was not filed within two years from the date of injury, which was found by the commission in the first proceeding to have been on April 22, 1936. In fact, John Glavich did not die until more than two years thereafter. We assume from subdivision (a) of the foregoing section that it is not ordinarily timely to file a claim for death benefit within one year from the date of death *unless it is also within two years from the date of injury,* for the clause reads that "in any event" the claim must be filed within two years from the date of injury. Subdivision (a) (2) has no application to this case because it provides that the claim may be filed within 240 weeks from the date of injury, only when the disability continues to the time of death, and then only *when disability benefits have been actually paid,* or agreed to be paid. No compensation was paid to Mr. Glavich. Neither does subdivision (b) of the foregoing section have any application to this case. That subdivision is based on conditions which do not exist in the present proceeding.

It follows that the petitioners in this case are barred from recovering death benefit and funeral expenses under section 4701, for failure on their part to comply with the provisions

of section 5406, unless the minors are relieved from that limitation of time by the provisions of section 5408 of the Labor Code.

■ We are of the opinion the dependent minors did not lose their right· to recover death benefit and funeral costs, incident to their father's demise, merely because he failed to ask for or secure compensation for his disability during his lifetime by filing a claim therefor within six months from the time he had actual knowledge of the disease with which he was afflicted. It may be true that, as a mere matter of procedure, when the workman has been allowed compensation for injuries sustained during his lifetime, his widow or minor children may be allowed death benefit and funeral expenses accruing after his death, incident to the original proceeding. Clearly, section 4701 of the Labor Code provides for death benefit and burial expenses *"with or without disability"* payments, separate and apart from the compensation due to the workman for injuries sustained in the course of his employment. Death benefit and burial expenses are different and distinct obligations provided for by statute for the benefit of each and all of the individuals dependent upon the workman. It follows that the dependent claimants are not barred from recovering funeral expenses and death benefit, under the provisions of section 5303 of the Labor Code on the theory that a claim therefor is an inseparable part of the original proceeding for compensation to the workman during his lifetime. That construction of the last-mentioned section would render nugatory the provisions of section 5408, and would apparently defeat the wholesome purpose of section 4701. These sections should be read together to ascertain the intention of the legislature. The act appears to grant to the dependents of workmen who die as a result of injuries received in the course of their employment death benefit and funeral expenses.

The failure of the workman to comply with the statute of limitations does not satisfy the liability of the employer, created by statute. It merely bars his remedy for the satisfaction of the debt due to him. Section 5409 of the Labor Code provides in that regard:

"The running of the period of limitations prescribed by this chapter is an affirmative defense and operates *to bar the remedy and not to extinguish the right* of the employee."

It follows that if the liability for death benefit and funeral expenses is not extinguished by the failure of the workman to demand payment to him of disability compensation within six months, and his claim is severable from that to which the dependents are entitled, they are not barred by his default.

We are of the opinion, however, that the claim of the widow is specifically barred by the provisions of section 5406 for the reason that she failed to file her claim within two years from the date of the disability with which her husband was afflicted.

■ The minor children, however, are not so barred on that account, because the statute of limitations is specifically tolled as to any and all minor dependents until a guardian is appointed to represent them. (*Fogarty* v. *Dept. of Industrial Relations,* 206 Cal. 102 [273 Pac. 791]; 1 Campbell's Workmen's Comp., p. 846, sec. 963; Lab. Code, sec. 5408.) ■ The claims growing out of the "transaction" which may not be split into different causes of action clearly do not include both the "disability payments" to which the workman is entitled on account of his injuries, and "death benefits" and "burial expense" which accrue only after the workman has died. Section 5303 of the Labor Code recognizes those claims as founded on different transactions, for it permits the commission in its discretion to join "in the same proceeding" those different claims *"arising out of such transactions".*

We are of the opinion the commission erred in denying relief to the minor children on the ground that section 5303 barred them from recovering death benefit and funeral expenses merely because Mr. Glavich's claim for compensation for an entirely different cause was not filed within the statutory time.

Section 5303 of the Labor Code provides that:

"There is but one cause of action for each transaction coming within the provisions of this division. All claims brought for medical expense, disability payments, death benefits, burial expense, liens, or any other matter arising out of such transactions *may, in the discretion of the commission, be joined* in the same proceeding at any time."

The preceding section may not be construed as a bar, to either the widow or minor children of a workman, to maintaining a proceeding to recover death benefit or funeral ex-

penses, merely because he failed to present his claim for compensation for disabilities incurred within the time allowed by law. The statute should receive a liberal construction to prevent the denial of subsequent valid causes of action. The claim of the widow and minor children had not accrued at the time Mr. Glavich sought to recover compensation for his disability. Since their claim did not then exist, it certainly could not be barred by his failure to apply for compensation.

Section 5303 is intended to prevent the splitting of causes of action necessarily involved in the same transaction, to save the obligor the costs and vexation of different suits. (1 C. J., p. 1106, sec. 276.) Since the claim of the widow and minor children did not exist at the time the application of Mr. Glavich was made, the failure to include it in the first proceeding could not possibly constitute a splitting of causes. (1 C. J. S. 1310, sec. 102f.) It is said in 1 Corpus Juris, page 1108, section 278, in that regard:

"Nor is there any splitting of causes where the demand which is the subject of the second action was not due at the time of the first action."

The case of *Sears* v. *Majors,* 104 Cal. App. 60 [285 Pac. 321], upon which the respondent relies, is distinguishable from the proceeding which is involved in this case. In the Sears case a judgment, which was rendered pursuant to an order sustaining a demurrer to the complaint, was affirmed. That was a suit by the widow and minor child of Edward E. Sears, for his death caused by wrongful acts of the defendant, which suit must be brought within one year from the date of death, under subdivision 3 of section 340 of the Civil Code. Section 377 of the same code authorizes the maintenance of an action for damages for that cause by the "heirs or personal representatives" of the deceased person. Sears was killed January 3, 1925. The suit was not commenced until March 28, 1927. The appellants admitted that the action was barred as to the widow, but maintained that the statute of limitations was tolled as to the minor. The court affirmed the judgment on the theory that the obligation for the wrongful death of Mr. Sears was "joint and not several", and that, since it was barred as to the widow, it was also barred as to the minor child. As authority for that conclusion the court relied on the case of *Robertson* v. *Burrell,* 110 Cal. 568 [42 Pac. 1086]. Section 1431 of the Civil Code provides that:

"An obligation imposed upon several persons, or a right created in favor of several persons, *is presumed to be joint,* and not several, except in the special cases mentioned in the title on the interpretation of contracts. *This presumption, in the case of a right, can be overcome only by express words to the contrary.*"

The preceding section merely declares that an obligation "in favor of several persons *is presumed* to be joint." Our attention is called to no California statute with relation to obligations toward minor children *for the wrongful death of their father,* similar to section 5408 of the Labor Code, which dispels the presumption in this case that it is joint and not several and tolls the statute of limitations. For that reason the Sears case was properly determined. But that case has no application to the statute which is controlling in this proceeding.

In the present case the language of section 5408 of the Labor Code, with relation to claims for death benefit or funeral expenses under the Workmen's Compensation Act, clearly renders such claims severable as to each or any one of the dependents. We therefore conclude that the presumption that such claims are merely joint and not severable and that the dependents must all join in the proceeding for disability compensation is clearly dispelled by the language of section 5408. It says in that regard:

"If an injured employee or, in the case of his death, *any of his dependents,* is under twenty-one years of age or incompetent at any time when any right or privilege accrues to such employee or dependent under this division, a general guardian, appointed by the court, or a guardian *ad litem* or trustee appointed by the commission or a commissioner may, on behalf of the employee or dependent, claim and exercise any right or privilege with the same force and effect as if no disability existed.

"*No limitation of time provided by this division shall run against any person under twenty-one years of age* or any incompetent unless and until a guardian or trustee is appointed."

In the Robertson case, *supra,* cited in the Sears opinion as authority for the last-mentioned decision, the Supreme Court merely held, in accordance with the syllabus which correctly states the issue determined, as follows:

"The heirs of a deceased person are not the proper parties to maintain an action for an accounting and settlement of a partnership between the decedent and a surviving partner or his representatives, and they have no legal capacity to do so; but the surviving partner is required to account not with the heirs, but with the executor or administrator of the deceased partner, regardless of whether the partnership assets consist of real or personal property, or both."

It was not an issue in the Robertson case and the court did not determine that because the widow of a deceased partner failed to demand an accounting of her husband's partnership interest within the time allowed by law, that the minor child was thereby barred from maintaining that action. The question of the tolling of the statute of limitations during the minority of a child was not involved in that suit. It appears the father died in 1864. His partner died in 1893. The widow died in 1871. She had knowledge of her husband's partnership interest just before her death. Long before her death their child reached the age of majority. The claim for a partnership accounting was not made until 1894 when the daughter must have been over thirty years of age. The court merely held that the heir of a deceased partner could not properly maintain an action for a partnership accounting *in her own name,* but on the contrary, under section 1585 of the Code of Civil Procedure, now section 571 of the Probate Code, the surviving partner must "account *to the executor or administrator* of the deceased partner, in his representative capacity." We think the Robertson case is not authority in support of the respondents' contention in this proceeding. In spite of that fact we are of the opinion the Sears case was properly decided, but that it is distinguishable from the facts of this case for the reason heretofore stated.

Nor is the case of *Flynn* v. *New York, N. H. & H. R. Co.,* 283 U. S. 53 [51 Sup. Ct. 357, 75 L. Ed. 837], upon which the respondent strongly relies, in conflict with what we have formerly said regarding the tolling of the statute under the circumstances of this proceeding. That was a suit instituted by the executor of the estate of Edward L. Flynn, deceased, under the Federal Employers' Liability Act in behalf of his dependent widow and children, for injuries wrongfully inflicted which caused his death five years later. The statute provides that suit must be commenced thereunder by any and

all dependent persons within two years from the time when the cause accrues. Like the Sears case, *supra,* the Flynn cause was an action for his wrongful death. There was no provision in that Liability Act, similar to section 5408 of the Labor Code, applicable to this proceeding which specifically tolls the statute of limitations against *any minor dependent,* until his guardian has been appointed. The application of the last-mentioned section of the Labor Code clearly distinguishes the cases relied upon by the respondent from the present proceeding.

The order of the Industrial Accident Commission is affirmed in so far as it denied compensation to the widow of John Glavich, deceased. It is annulled in its application to the three minor children, and the commission is directed to make an award in their favor in accordance with the evidence adduced as compensation for death benefit and burial expenses of their deceased father.

Tuttle, J., and Pullen, P. J., concurred.

A petition for a rehearing was denied May 27, 1941, and respondents' petition for a hearing by the Supreme Court was denied June 26, 1941.