[S. F. No. 16975. In Bank. July 25, 1944.]

ADELINA BIANCO, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Sefton & Quattrin, Seibert L. Sefton and Louis T. Kruger for Petitioner.

Everett A. Corten, Fred G. Goldsworthy, Keith & Creede, Charles Mayer, W. N. Mullen, Donald Gallagher, Edmund J. Thomas, Jr., and Earl B. Myers for Respondents.

CARTER, J.—It is claimed that Emile Bianco, an employee of Gladding, McBean & Company, died on June 11, 1941, from

silicosis contracted in the course of his employment. The respondent commission found that he suffered the "injury" silicosis in April, 1939, and inasmuch as Bianco's dependent did not file her claim until December 1, 1941, the claim was barred because not filed within two years after the injury in April, 1939.

The pertinent provisions of law with regard to limitations are as follows:

"The periods within [which] *may be* commenced proceedings for the collection of the death benefit . . . are as follows:

"(a) One year from the date of death, and in any event within—

"(1) Two years from the date of injury, except as otherwise provided in this section.

"(2) 240 weeks from the date of injury, where the injury causing death also caused disability which continued to the date of death and for which a disability payment has been made, or agreed to be made, or proceedings for its collection had been instituted within the time limits set forth in section 5405.

"(b) Two years from the date of injury, in cases described in section 5405(b)." (Italics added.) (Lab. Code, § 5406.) Subdivision (b) of the foregoing has no application here because that refers to section 5405(b) which involves cases where there is an agreement for a release or compromise. Subdivision (a)(2) does not factually apply for the events there mentioned did not occur. The foregoing section establishes a limitation of time and does not extinguish the right:

"The running of the period of limitations prescribed by this chapter is an affirmative defense and operates to bar the remedy and not to extinguish the right of the employee. Such defense may be waived. Failure to present such defense prior to the submission of the cause for decision is a sufficient waiver." (Lab. Code, § 5409.) And section 5404 of the Labor Code provides that:

"Unless compensation is paid or an agreement for its payment made within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred." This provision gives expression to the same thought by specifying that the remedy to enforce the right is barred rather than that the right itself is extinguished.

In our opinion the most reasonable construction of section 5406(a)(1) is that the proceeding for a death benefit may be commenced either one year after death or two years after the injury, whichever fixes the period at the later date. Under such an interpretation a proceeding to recover a death benefit would be timely if brought within one year after the death regardless of the date of injury, and even if commenced more than one year after the date of death where the injury occurred within two years next preceding the commencement of said proceeding. Likewise, a case falling within section 5406(a)(2) would not be barred if brought within one year from the date of death regardless of the date of the injury and more than one year from death if the injury occurred within less than 188 weeks before the death, assuming a 52 week year. The language of section 5406 is that the proceeding *may be* commenced within certain periods. The phrasing is permissive and affirmative which clearly indicates that the applicant is to have the longer period rather than being restricted to a shorter one. That thought is expressed by the use of the word "and" preceding the phrase "in any event." If the word "but" had been used rather than "and" the reference to a two-year period after the injury would be a limitation. If the word "or" had been used there it would be beyond question. If "and" be given its ordinary meaning of "as well as" or "in addition to," the section might be paraphrased to read: "The proceeding may be commenced within one year from the date of death as well as, (in addition to) in any event, (that is, regardless of the date of death) within two years from the date of injury." Moreover, the word "and" may sometimes be interpreted as "or" to carry out the intention of the Legislature in drafting a statute. (See *People* v. *Pool*, 27 Cal. 572; *Washburn* v. *Lyons*, 97 Cal. 314, 315 [32 P. 310]; *Diggins* v. *Hartshorne*, 108 Cal. 154 [41 P. 283]; *McNutt* v. *City of Los Angeles*, 187 Cal. 245 [201 P. 592]; *Santos* v. *Dondero*, 11 Cal. App.2d 720 [54 P.2d 764].) The evident purpose of the statute here involved is to give a right to death benefits and not to cut off that right before it accrues.

There are additional persuasive reasons which support the foregoing construction even assuming that it is possible to construe it to mean that the proceeding must be commenced within two years from the date of the injury, although the

death may not have occurred within that time. First, the workmen's compensation laws must be given a liberal construction to the end that the beneficent features thereof shall not be lost to employees. That rule is declared as follows:

"The provisions of Division 4 and Division 5 of this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) (See, also, 27 Cal.Jur. 259 et seq.) And that rule is applied where the issue is the interpretation of the limitation provisions of the act. (See *Ocean A. & G. Corp., Ltd.*, v. *Industrial Acc. Com.*, 90 Cal.App. 725 [266 P. 556]; *Harris* v. *Industrial Acc. Com.*, 204 Cal. 432 [268 P. 902].) Specifically, "Where, as here, a provision of the Act is susceptible of an interpretation either beneficial or detrimental to an injured employee we are called upon, under the provisions of section 69, to adopt the construction beneficial to such employee." (*Liptak* v. *Industrial Acc. Com.*, 200 Cal. 39, 42 [251 P. 635].) In *Dept. of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal. 2d 189 [93 P.2d 131], the issue was whether section 4804 of the Labor Code which provided that "no disability indemnity shall be paid to said member [of the highway patrol] concurrently with wages or salary payments" prevented permanent disability payments to a patrolman suffering permanent disability but still working and being paid a salary, in light of other provisions of the act which allowed disability payments generally. The court held it did not have such effect, stating at page 192:

"Petitioner claims that inasmuch as this employee was a member of the state highway patrol it finds such prohibition in section 4804 of the Labor Code, which, it urges, prevents an award to a state highway patrolman concurrent with the payment of salary. *The effect of this contention would, in fact, go to the extent of preventing a highway patrolman, under any circumstances, receiving a permanent disability industrial award.*

". . . In construing this section, petitioner contends that 'no disability indemnity' unequivocally means compensation for either temporary or permanent disability, and that to sustain the award would defeat the sole purpose of this section.

"The point is not without merit, but, having in mind the

direct admonition of section 3202 of the Labor Code that 'the provisions of Division IV (which includes the sections here under consideration) and Division V of this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment', and *the evident purpose of the law to protect and compensate those members of the highway patrol* whose principal duties consist of active law enforcement, we should adopt, if possible, *that construction of section 4804 which would enable the injured officer to receive the benefits of the act rather than accept a literal construction* which would tend to deprive him of all disability indemnity, and not only render meaningless the language of section 4803, but also provide a rule for highway officers different from that applicable to others.'' (Italics added.)

Similarly, in the instant case the statute undeniably provides for death benefits and such benefits are a part of the scheme of compensation as is further evinced by the Constitution where it is stated:

''The legislature is hereby expressly vested with plenary power, . . . to create, and enforce a complete system of workmen's compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workmen for injury or disability, *and their dependents for death incurred or sustained by the said workmen in the course of their employment,* irrespective of the fault of any party.'' [Const., art. XX, § 21.] Likewise, in the instant case that right would be lost before it ever arose if the above-mentioned possible construction were given.

Second, if a construction is given to the provision which will deny recovery where the death occurs more than two years after the injury, the right of the dependent would be barred before it accrued. That result is contrary to the principle of liberal interpretation and to the intent expressed by section 5409, heretofore quoted which declares that the limitation provisions are affirmative defenses and do not extinguish the right. That the right would be lost before it accrued under such interpretation is clear. The right of a dependent to a death benefit is a right independent of and severable from the employee's claim for disability com-

pensation. (See *Glavich* v. *Industrial Acc. Com.*, 44 Cal.App. 2d 517 [112 P.2d 774].) While it may be that the dependents, or others interested, may, under appropriate circumstances, claim compensation on behalf of the employee during his life (see Lab. Code, §§ 4903, 5501; *Pacific E. I. Co.* v. *Industrial Acc. Com.*, 10 Cal.2d 567 [75 P.2d 1058]; *Independence Indem. Co.* v. *Industrial Acc. Com.*, 2 Cal.2d 397 [41 P.2d 320]; *Northwestern R. Co.* v. *Industrial Acc. Com.*, 184 Cal. 484 [194 P. 31]), and thus toll the running of the statute yet it cannot be doubted that the claim for a death benefit does not arise until the death of the employee, and it may be cut off before it arises if that interpretation be accepted. Moreover, as far as appears, the conditions specified in section 4903 of the Labor Code, under which a wife may claim compensation, namely, desertion or neglect by the husband of his wife, are not present in this case. ■ In order that the beneficial purposes of the Workmen's Compensation Law may not be destroyed, the provisions on limitation should not be interpreted in a manner which will result in the right being lost before it accrues unless the language of such provisions clearly compels such interpretation. (See *Burke* v. *Industrial Commission*, 368 Ill. 554 [15 N.E.2d 305, 119 A.L.R. 1152]; *Hoy* v. *T. S. Grayson Lumber Co.*, 15 La.App. 176 [130 So. 651]; *Hovey* v. *General Const. Co.*, 242 Mich. 84 [218 N.W. 768].)

■ Third, the history of the limitation provisions indicates that the present law should be given the second construction. The first Workmen's Compensation Act provided that if no payment of compensation was made or notice given within a year after the accident the claim for compensation was barred and in case of permanent disability the accident must have been the proximate cause of the death within fifteen years. (Stats. 1911, p. 796, §§ 8, 10.) The act in effect before the adoption of the Labor Code in 1937 (Stats. 1937, p. 185) read:

"Proceedings for the collection of the death benefit provided by subsection (c) of said section 9 *must* be commenced within one year from the date of death, and in any event within two hundred forty weeks from the date of the injury, and *can only be maintained when it appears that death ensued within one year from the date of the injury*, or that the

injury causing death also caused disability which continued to the date of the death and for which a disability payment was made, or an agreement for its payment made, or proceedings for its collection commenced within the time limited for the commencement of proceedings for the recovery of the disability payment.'' (Italics added.) (Stats. 1917, p. 831, § 11.) (Deering's Gen. Laws, 1931, Act 4749.) Under that statute it is expressly provided that a death benefit cannot be recovered unless the death occurred within one year from the date of the injury except where the disability continued from injury to death and compensation had been paid, agreed to be paid or proceedings therefor commenced. In other words, the proceedings *must* be commenced within one year from death and even before if 240 weeks from the date of injury has elapsed, with the further limitation that the death must have occurred within one year after the injury except in the special circumstances above mentioned. The change in the wording of the Labor Code is apparent and states the matter in quite different form. There is no restriction of death occurring within one year after the injury and the periods fixed are the ones within which the dependent may commence the proceeding.

There may be some merit in the contention that the foregoing construction of section 5406 is fraught with some dangers in respect to fraudulent and stale claims made by dependents long after the injury which ultimately causes death has occurred. If such should be the result, we believe that this is a matter for the Legislature, and it must be remembered that in such cases the burden is upon the applicant to prove that death was caused by an injury received in the course of employment.

Respondents rely upon *Glavich v. Industrial Acc. Com.*, 44 Cal.App.2d 517 [112 P.2d 774]. That case is contrary to the views herein expressed, but apparently the court did not take into consideration the factors discussed herein. It is therefore disapproved. It is of interest to note that the point involved in the instant case was not presented to this court on petition for hearing in the Glavich case. An award had been made denying a death benefit to the employee's widow and minor children on the ground that their claim was barred. The District Court of Appeal affirmed the part of

the award denying recovery to the widow but annulled the part denying an award to the children. The widow did not petition this court for a hearing.

For the foregoing reasons the award is annulled and the respondent commission is directed to take· such further proceedings as may be appropriate in conformity with the views herein expressed.

Shenk, J., Curtis, J., Traynor, J., and· Schauer, J., concurred.

EDMONDS, J., dissenting.—Contrary to the conclusions of my associates, I plainly see in section 5406 of the Labor Code a legislative intention to fix two years from the date of an injury as the maximum time within which a claim for a death benefit may be filed unless "the injury causing death also caused disability which continued to the date of death and for which a disability payment has been made, or agreed to be made." By its terms the section provides that "proceedings for the collection of the death benefit" may be commenced within "one year from the date of death" except, "in any event," the proceedings may be commenced within "two years from the date of injury" or "240 weeks from the date of injury" under the conditions specified. The qualifying phrase "in any event" unquestionably limits the specified time of "one year from the date of death," and may be defined as synonymous with the expression "under all or any circumstances." As said in the leading case of *Edwards* v. *Laird*, 22 Cal.App. 398 [134 P. 365], the phrase means "no matter what else may be" or "whatever may happen."

By stating that "the evident purpose of the statute here involved is to give a right to death benefits," the majority opinion disregards the general rule that "statutes of limitations do not confer any right of action but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted" (37 C.J. 684). Implicit in the terms of section 5406 is recognition of the other provisions allowing dependents of a workman killed in industrial accident a death benefit. In compensation law it is generally recognized that "the purpose of the statute of limitations is to force an early submission of the claim to the Commission so that all vexatious problems . . . may be determined while all the facts are

fresh in the minds of the various witnesses." (Campbell, Workmen's Compensation, vol. 1, 1935, p. 829.) This court, in the case of *Ehrhart* v. *Industrial Acc. Com.*, 172 Cal. 621 [158 P. 193, Ann.Cas. 1917E 465], recognized that the object of the periods of limitation provided in the Workmen's Compensation Act was to insure "prompt inquiry regarding the *injuries* in all their details by the commission. . . ." (Accord, *Rose* v. *Petaluma & Santa Rosa Ry. Co.*, 64 Cal.App. 213 [221 P. 406].)

The sections of the Labor Code limiting the time within which may be commenced proceedings for compensation indicate a purpose to insure a prompt hearing of the circumstances surrounding an industrial accident. The employer must be notified of any compensation claim (including medical, disability or death benefits) within thirty days from the date of injury (Lab. Code, §§ 5400, 5401, 5402) unless the failure to give such notice does not mislead or prejudice the employer (Lab. Code, § 5403). Proceedings for the collection of compensation by an employee during his lifetime must be commenced within six months from the date of injury although two years is allowed where the employer has aknowledged liability (Lab. Code, § 5405). By the decision in the present case, a dependent may commence proceedings for the death benefit at any time, be it twenty or thirty years from the date of injury, as long as it is within one year from the date of death. That the occasion of the injury, rather than the date of death, should be determinative of the commencement of the running of the statute is obvious. By the lapse of time, an employer may be unable to produce evidence of the facts concerning an accident, and where labor turnover is substantial, as under present day conditions, the prejudicial effect of striking down the bar of the statute is particularly pronounced.

Moreover, to consider the date of death, regardless of the time of the injury, as the effective date fixed by the section renders meaningless its other provisions. By that construction, the proceeding may be commenced within one year from the date of death, *in any event*. To reach that result requires that the qualifying phrase "in any event" be read as preceding the words "one year from the date of death" which is the language which they limit, and I see no reasonable basis

for the conclusion that the sole function of the provisos (a) (1) and (a) (2) of section 5406 is to extend beyond one year from the date of death the period within which the action may be commenced. Rather than imputing to the Legislature an intent not to attach meaning to all the provisions of said statute, consonant with a reasonable plan of limitations, it is the function of this court, where the meaning is clear and reasonable, to give effect to the intent expressed.

Notwithstanding the statutory language, Justice Carter justifies his position by reasoning that, as interpreted by the commission, section 5406 would compel an employee to die within two years from the date of injury as a condition precedent to the recovery of a death benefit. That is an incomplete statement. The Legislature has plainly said that if a death benefit is demanded on account of an injury for which payment on account of disability has been made, or agreed to be made, or claimed in a proceeding instituted within the applicable time, then the dependent shall have 240 weeks from the date of injury within which to file his claim. Measured by the time allowed in other states, 240 weeks almost five years, is a very liberal period. (*Dragicevic* v. *State Industrial Acc. Com.*, 112 Ore. 569 [230 P. 354] (one year) ; *Martini* v. *Kemmerer Coal Co.*, 38 Wyo. 172 [265 P. 707] (twelve months) ; *Frary* v. *Roxana Petroleum Corp.*, 135 Kan. 216 [9 P.2d 652] (six months) ; *Ohio Oil Co.* v. *Industrial Com.*, 293 Ill. 461 [127 N.E. 743] (six months) ; *Vukovich* v. *St. Louis, R. M. & P. Co.*, 40 N.M. 374 [60 P.2d 356] (one year) ; *Lusczy* v. *Seaboard By-Products Co.*, 101 N.J.L. 170 [127 A. 212] (one year).) But the Legislature also provided that as to an injury for which the workman did not seek compensation, the time allowed to his dependent to file a claim for a death benefit should be limited to one year from the date of death. Very obviously, the Legislature concluded that if the injury was not such as to lead to any disability for which the workman claimed compensation, then regardless of the time of the resulting death, the dependent should be limited to two years from the date of the injury within which to file a proceeding for a benefit. Certainly there is a very reasonable basis for specifying a time within which one may claim a death benefit on account of an injury which did not result in disability different from that fixed for one for which compensation was asked or received.

For these reasons I believe that the statute should be interpreted accordingly. In *Glavich* v. *Industrial Acc. Com.*, 44 Cal.App.2d 517 [112 P.2d 774], the District Court of Appeal reached that conclusion and since that decision, the Legislature has met without amending the statute, a circumstance which indicates that the construction placed upon it carries out the intended purpose.

Gibson, C. J., concurred.

Respondents' petition for a rehearing was denied August 21, 1944. Gibson, C. J., and Edmonds, J., voted for a rehearing.